# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Aaron K. HENRY
### Operations Specialist Second Class (E-5), U.S. Coast Guard

### CGCMS 24489
### Docket No. 1371

### 11 September 2013

Special Court-Martial convened by Commander, Coast Guard Atlantic Area.  Tried at Key West, Florida, on 15 March 2012.

| | |
|---|---|
| Military Judge: | CDR Casey L. Chmielewski, USCG |
| Trial Counsel: | LT Brendan T. Gavin, USCG |
| Military Defense Counsel: | LT Brandon H. Sargent, JAGC, USN |
| Assistant Defense Counsel: | LT Damian M. Yemma, USCG |
| Appellate Defense Counsel: | LCDR Ted R. Fowles, USCG |
| | LT Jonathan C. Perry, USCGR |
| | Mr. Nicholas Grasselli |
| Appellate Government Counsel: | LCDR Vasilios Tasikas, USCG |

### BEFORE
### McCLELLAND, NORRIS & LUCE
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of maltreatment, in violation of Article 93, Uniform Code of Military Justice (UCMJ); one specification of indecent exposure, in violation of Article 120, UCMJ; and one specification of drunk and disorderly conduct, and one specification of indecent language, both in violation of Article 134, UCMJ.  The military judge sentenced Appellant to confinement for seven months, reduction to E-1, forfeiture of $990 per month for seven months, and a bad-conduct discharge.  The Convening Authority disapproved all confinement in accordance with the pretrial agreement, and otherwise approved the sentence.

Appellant asks this Court to consider the unreasonable and unexplained post-trial delay in determining the sentence that should be approved under Article 66(c). We discuss that issue, and affirm the sentence as well as the findings.

Appellant requests us to consider the delay in docketing the case with this Court as we consider how much of Appellant's sentence to approve. Specifically, he requests that we disapprove any reduction below the grade of E-4.

The Convening Authority took action on 21 June 2012. The record was referred to this Court on 25 July 2012, thirty-four days after the Convening Authority's action.

The Court of Appeals for the Armed Forces (CAAF) applies "a presumption of unreasonable delay that will serve to trigger the *Barker* four-factor analysis where the action of the convening authority is not taken within 120 days of the completion of trial [and] where the record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action." *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The "*Barker* four-factor analysis" comprises consideration of the following four factors to determine whether post-trial delay constitutes a due process violation: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Id.* at 135 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

Appellant does not claim a due process violation, but invokes *Moreno* in support of his claim that the delay in this case is unreasonable. Although the Convening Authority acted expeditiously, beating the 120-day Moreno standard by twenty-two days, the delay in referral is sufficient to raise the presumption under *Moreno*. Accordingly, we will carry out the *Barker* four-factor analysis.

Referral to this Court was delayed four days beyond the thirty-day period prescribed by *Moreno*. The Government offers no explanation. However, we consider the period between the Convening Authority's action and commencement of appellate review relatively insignificant.

The first and second *Barker* factors weigh against the Government, but only slightly. As for the third factor, Appellant did assert the right to timely post-trial review; this factor weighs against the Government. Concerning the fourth factor, Appellant does not claim any prejudice; this factor does not weigh against the Government. Considering all factors, we find no due process violation.

We turn now to Appellant's argument that we should grant sentence relief under *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), which held that we may grant relief for excessive post-trial delay without a showing of prejudice. *Id.* at 224. Upon finding unreasonable and unexplained post-trial delay, this Court may consider such delay, along with all the other facts and circumstances, in exercising its responsibilities under Article 66(c), UCMJ. *Id.* We have granted such relief in several cases in the past few years.

The four-day delay in this case is negligible. We decline to grant relief.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Joseph M. Guyton
Clerk of the Court