# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist BILLY J. WHISMAN, JR.**
**United States Army, Appellant**

ARMY 20121096

Headquarters, Fort Hood
Kirsten Brunson, Military Judge
Colonel Stewart W. Risch, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Matthew T. Grady, JA; Captain Sean P. Fitzgibbon, JA (on brief).

12 August 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per curiam:

Upon review of the entire record pursuant to Article 66(c), UCMJ, including the matters personally submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we note that the convening authority took action 417 days after the sentence was adjudged.  Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing.  UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay.").  *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).  The government has not explained the reasons for the post-trial delay, either with a memorandum from the

WHISMAN, JR.—ARMY 20121096

staff judge advocate or an affidavit attached to the government's brief. Given this unexplained and unreasonable delay, we grant 30 days of sentence credit as a remedy.

The findings of guilty as approved by the convening authority are AFFIRMED. We affirm only so much of the sentence as extends to a bad-conduct discharge, confinement for 120 days, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside the findings and sentence are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court