# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

**UNITED STATES**

**v.**

**Airman First Class PATRICK S. HANBERRY**
**United States Air Force**

**ACM S32251**

**22 October 2015**

Sentence adjudged 8 May 2014 by SPCM convened at Seymour Johnson Air Force Base, North Carolina. Military Judge: Shaun S. Speranza (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 2 months, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Lauren A. Shure.

Appellate Counsel for the United States: Captain Tyler B. Musselman; Captain Richard J. Schrider; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

A special court-martial composed of a military judge sitting alone convicted Appellant, pursuant to his pleas, of drunken operation of a vehicle, divers wrongful use of marijuana, soliciting another Airman to commit the offense of wrongful interference with an adverse administrative proceeding, and wrongfully resisting a blood draw, in violation of Articles 111, 112a, and 134 UCMJ, 10 U.S.C. §§ 911, 912a, 934. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for two months, and a reduction to E-1.

*Background*

Appellant was a first-term Airman at his first duty station. The second day of his court-martial was the day he completed two years of service. Appellant smoked marijuana twice while on active duty in June and September 2013. Appellant was selected for a random urinalysis in October 2013. Concerned that his marijuana use would be detected, he contacted his friend, Airman First Class (A1C) ZB. He asked A1C ZB to provide him with a urine sample that he could submit in lieu of his own for the purpose of avoiding the resulting adverse consequences from a sample that was positive for illicit drugs. A1C ZB, who had previously used marijuana with Appellant on the two occasions, informed him, "mines [sic] hot too man."

On 14 February 2014, Appellant and three other friends decided to enjoy the nightlife in nearby Goldsboro, North Carolina. They planned ahead and obtained a hotel room. Appellant and his friends went to two bars in which they consumed beer and liquor. They also consumed alcoholic beverages at the hotel both before and after they went to the local bars. After about one hour of sleep, Appellant decided to drive his friends back to base so they would not be late for work. As he approached the front gate, Appellant swerved and went over the speed hump at a faster speed than most other vehicles. When he provided his military identification to the security forces member at the front gate, Appellant smelled of alcohol and had red, glassy eyes. When he was asked to perform a field sobriety test, Appellant acted in a vulgar and disrespectful manner.

Appellant was later transported to the on-base clinic in order to have his blood drawn for testing. When the medical technician approached to perform the blood draw, Appellant refused. He then started kicking, spitting, and physically resisting the procedure. Three security forces members were required to restrain Appellant. Appellant finally relented and acquiesced to the procedure. Subsequent testing of his blood indicated a blood alcohol concentration of .193, in excess of the North Carolina legal limitation of .08 for those driving a car.

*Post-Trial Processing Time Standards*

Appellant contends he is entitled to relief for the 31 days between convening authority action and docketing with this court. Appellant urges us to exercise our authority to grant relief under *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002).

We review de novo "[w]hether an appellant has been denied [his] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt . . . ." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A presumption of unreasonable delay arises when docketing with this court occurs more than 30 days after convening authority action. *United States v. Moreno*, 63

M.J. 129, 142 (C.A.A.F. 2006). Because the time from docketing to the initial decision violates the *Moreno* standards, this presumptively unreasonable delay triggers an analysis of the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), adopted in *Moreno*, 63 M.J. at 135. Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005) (citing *Barker*, 407 U.S. at 530). Appellant concedes that he did not suffer any prejudice from the delay in docketing. When there is no showing of prejudice under the fourth *Barker* factor, "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the totality of the circumstances and the entire record, when we balance the other three factors, we find the post-trial delay in this case to not be so egregious as to adversely affect the public's perception of the fairness and integrity of the military justice system. We are convinced the error is harmless beyond a reasonable doubt.

However, this does not end our analysis. Having conceded that he cannot articulate any prejudice, Appellant focuses us on a theory of relief which does not have that requirement. Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Tardif*, 57 M.J. at 224; *see also United States v. Harvey*, 64 M.J. 13, 24–25 (C.A.A.F. 2006). In *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), we identified a list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Those factors include how long the delay exceeded appellate review standards, the reasons for the delay, whether the government acted with bad faith or gross indifference, evidence of institutional neglect, harm to the appellant or to the institution, whether relief is consistent with the goals of both justice and good order and discipline, and whether this court can provide any meaningful relief. *Id.* No single factor is dispositive and we may consider other factors as appropriate. *Id.* After considering the relevant factors in this case, we determine that no relief is warranted. We find there was no bad faith or gross negligence in the post-trial processing. We find no evidence of harm to the integrity of the military justice system. We have the authority to tailor an appropriate remedy without giving Appellant a windfall. *See Tardif*, 57 M.J. at 225. We have expressly considered whether we should reduce some or all of Appellant's sentence. Based on our review of the entire record, we conclude that sentence relief under Article 66, UCMJ, is not warranted.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.[1]  Articles 59(a) and 66(c), UCMJ.  Accordingly, the approved findings and sentence are **AFFIRMED.**

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[1] We note a minor typographical error in Charge I and its specification ("statue" should be "statute")  and order a corrected court-martial order.