CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JESSIE G. ALLEN**
**United States Army, Appellant**

ARMY 20150026

Headquarters, 1st Cavalry Division (Rear)(Provision) (convened)
Headquarters, 1st Cavalry Division (trial and post-trial)
Kenneth W. Shahan, Military Judge (arraignment)
Rebecca K. Connally, Military Judge (trial)
Lieutenant Colonel Michael D. Jones, Staff Judge Advocate (pretrial)
Colonel Alison C. Martin, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Katherine L. Depaul, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major John K. Choike, JA; Captain Ahsan M. Nasar, JA (on brief).

9 March 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of sexual assault, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012 & Supp. I) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for forty-two months. In accordance with the pretrial agreement, the convening authority approved twelve months confinement and otherwise approved the findings and sentence as adjudged.

This case is before us pursuant to Article 66, UCMJ. Appellant raises one assignment of error, which merits discussion and relief.

**BACKGROUND**

Appellant's court-martial concluded on 13 January 2015.  Through counsel, appellant requested speedy post-trial processing of his court-martial on 27 January 2015 (day fourteen). Defense counsel received the seventy-seven page record of trial for review on 29 January 2015 and completed review on 30 January 2015 (day seventeen).  The military judge authenticated the record of trial on 11 February 2015 (day twenty-nine).  More than a month later, the staff judge advocate signed her recommendation (SJAR), a straight forward one-page document, on 16 March 2015 (day sixty-two).  Appellant, who was still confined locally in the Bell County Jail on a government hold to testify in another court-martial, received the authenticated record of trial and SJAR twenty-nine days later by certified mail on 14 April 2015 (day ninety-one).  The government did not serve appellant's defense counsel with either the SJAR or the record of trial concurrently with appellant.  Eventually, fifty-seven days later on 10 June 2015, the government electronically served appellant's defense counsel with the SJAR and record of trial.  The government received matters pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105 (Post-Trial Matters) on behalf of the appellant on 22 June 2015 (day 160).  The staff judge advocate signed the addendum on 1 July 2015 (day 169) and the convening authority took action the same day.  This court received the record of trial on 26 August 2015, fifty-six days later (day 223).

On appeal, the government concedes that it "cannot provide reasonable explanations for the delay in this court receiving the record of trial."

**LAW AND DISCUSSION**

In *United States v. Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process.  63 M.J. 129, 142-43 (C.A.A.F. 2006).  The *Moreno* standard applicable in this case is that a convening authority should take action within 120 days after the trial is completed.  *Id*. at 142.  Additionally, the record of trial should be docketed with this court within thirty days of the convening authority's action.[1]  *Id.*  Failure to satisfy any of these standards creates a "presumption of unreasonable delay," prompting this court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), in order to determine whether appellant's due process rights were violated by the delays.  *See Moreno*, 63 M.J. at 136.

Under the facts of this case, taking over 223 days to process appellant's case from trial completion to docketing at this court is presumptively unreasonable and violates both the standard for timeliness from trial to initial action and initial action

---

[1] One other standard—timeliness of appellate review before this court—is not relevant in appellant's case.  *Moreno*, 63 M.J. at 142-43.

to docketing at this court. *Id.* at 142. In the face of this lengthy delay, our next step is to apply and balance the four factors set out in *Barker*, in order to determine whether appellant's due process rights were violated. *Moreno*, 63 M.J. at 136.

The post-trial processing time in appellant's case, a seventy-seven page record of trial, is 169 days from sentence to action. The haphazard processing of this case highlights a lack of rigor in the command's post-trial process. The usual government crutch—lack of court-reporters and delay in transcription—is not applicable here; the record of trial was transcribed within eleven working days and authenticated by the military judge on day twenty-nine. The prominence of several extended, unexplained delays in the process causes the court to ask the question "Is anyone monitoring the post-trial process?"

Although the government argues sixty-one days of the delay is attributable to appellant and his defense counsel for time spent reviewing the record of trial and submission of Post-Trial Matters, we disagree. Defense counsel completed errata of this record of trial in one day. The military judge authenticated the record of trial by day twenty-nine. While the delay of thirty-three days by the staff judge advocate to sign a simple one charge and single specification SJAR is troubling, the lack of service of the SJAR on the defense counsel for eighty-six days borders[2] on inept. Even assuming that the government was tracking the service date of 14 April 2015 of the SJAR and record of trial on appellant, absent a request for additional time, appellant's Post-Trial Matters were due ten days later: 24 April 2015. It is still forty-seven days past 24 April 2015 before the government rectifies service of the SJAR and record of trial on appellant's counsel. Appellant's counsel promptly submitted Post-Trial Matters within twelve days. The convening authority took action nine days later on 1 July 2015. The court notes, that of the 169 days it took to process this court-martial from sentence to action, 140 days passed after the military judge authenticated the record.

Another inexplicable delay is the fifty-six days that elapsed between action and receipt by this court. The delay from trial to initial action is already beyond where this court presumes unreasonable delay in post-trial processing between sentence and action and a further twenty-six days beyond what is expected for receipt of this record of trial by this court. *See Moreno*, 63 M.J. at 142 (recognizing a presumption of unreasonable delay in cases where action is not taken within 120 days of the completion of trial and where the record of trial is not docketed at this court within thirty days of action). This facially unreasonable delay in two instances triggers our review of the remaining *Moreno* factors: reasons for the delay; timely assertion of the right to speedy post-trial review; and prejudice. *Id.* at 135-36.

---

[2] Corrected

There is no explanation by the chief of military justice outlining any reasons for the delay in processing this case. Rather, the chief of military justice submits a chronology that documents when events happened, but no legitimate reason as to[3] why there is a delay in their occurrence. *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011). Given no specific explanation provided by the government for the delay in this court receiving the case, this unexplained delay weighs in favor of appellant.

The third *Moreno* factor weighs in favor of the appellant who asserted his right to speedy post-trial processing fourteen days after trial. Turning to the fourth *Moreno* factor, appellant fails to demonstrate prejudice. Although we find no due process violation after consideration of the *Moreno* factors, we review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c). *See Moreno*, 63 M.J. at 138-42; *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). After consideration of the entire record, we conclude appellant's case warrants relief in the form of a thirty-day reduction in confinement under Article 66(c), UCMJ, for the unreasonable and unexplained post-trial delay. *See Tardif*, 57 M.J. at 224.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, we AFFIRM only so much of the sentence as provides for a bad-conduct discharge, and confinement for eleven months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[3] Corrected