# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Staff Sergeant TIMOTHY J. MORGAN
### United States Air Force

### ACM 38825

### 2 August 2016

Sentence adjudged 19 December 2014 by GCM convened at Minot Air Force Base, North Dakota. Military Judge: Shelly W. Schools.

Approved Sentence: Bad-conduct discharge, confinement for 1 year and 8 months, and reduction to E-1.

Appellate Counsel for Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Captain Tyler B. Musselman and Gerald R. Bruce, Esquire.

Before

ALLRED, ZIMMERMAN, and BENNETT[1]
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BENNETT, Judge:

At a general court-martial composed of officer members, Appellant was found guilty, contrary to his pleas, of one specification of damaging property other than military property of a value of less than $500.00, one specification of simple assault, three specifications of assault consummated by battery, and three specifications of communicating a threat in violation of Articles 109, 128 and 134, UCMJ, 10. U.S.C. §§

---

[1] Chief Judge Allred and Judge Zimmerman participated in this decision prior to their retirements.

909, 928 and 934. The panel sentenced him to a bad-conduct discharge, confinement for 1 year and 8 months, and reduction to E-1. The convening authority approved the sentence as adjudged, but deferred the reduction in rank and waived all mandatory forfeitures.

Appellant now contends that the Government's violation of the 120-day post-trial processing standard for convening authority action warrants some form of meaningful relief pursuant to *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). We disagree.

*Background*

Appellant and his wife had a tumultuous marriage. As their relationship unraveled, Appellant became increasingly more aggressive toward his wife. He threatened to kill her on multiple occasions, pointing a knife at her during one altercation. More than once, Appellant held his wife down and covered her mouth and nose with his hand making it impossible for her to breathe. On another occasion he rammed her head into a cabinet multiple times, dragged her down a flight of stairs by her hair, and ripped her shirt and bra off in front of their children. Then he threatened to get his baseball bat, so his wife hid in a closet while one of her sons pleaded with Appellant for her life.

Appellant's trial ended on 19 December 2014. On 22 December 2014, the electronic files containing the record of Appellant's court-martial proceedings were outsourced for transcription assistance. The transcript was completed and returned to the local Minot Air Force Base court reporter in stages. On 20 January 2015, the court reporter received pages 1 to 93, pages 94 to 210 were received on 29 January 2015, and pages 306 to 422 were received on 17 February 2014.[2]

Proofreading, editing, and forwarding of the transcript to counsel took place on 20 and 21 January 2015, 30 January 2015, and 20 February 2015. Between 4 and 17 March 2015, for some unexplained reason, the court reporter had to "re-listen" to the recordings of the trial and edit the transcript. Counsel's final edits were made on 23 March 2015 and the military judge authenticated the transcript on 25 March 2015, the same date that the record of trial was assembled. The record of trial was completed on 26 March 2015, and Appellant received his copy of it on 23 April 2015.

The staff judge advocate's recommendation (SJAR) was completed on 24 April 2015 and delivered to the victim and trial defense counsel on the same date; Appellant did not receive his copy until 27 April 2015. The Eighth Air Force staff judge advocate's office received an undated victim impact statement on 30 April 2015. The addendum to the SJAR, which included a victim impact statement, was completed and received by Appellant on 11 May 2015.[3]

---

[2] The court reporter's chronology does not mention when pages 211 to 305 or 423 to 424 were received.
[3] On 21 May 2015, Appellant provided a response to the victim impact statement.

In his clemency submission, trial defense counsel asked the convening authority to grant Appellant 50 days of credit against his sentence. He argued that Appellant should receive 39 days for "extra" good time (the amount the Minot confinement facility would have recommended had Appellant not been transferred to another confinement facility) plus 11 days for the unreasonable post-trial processing delay.

The convening authority took action on 29 May 2015 (161 days after the end of trial). The record of trial was received by this court on 8 June 2015. Additional facts necessary to resolve the assigned error are included below.

*Post-trial Processing Delay*

Appellant avers that he is entitled to relief for the presumptively unreasonable delay in the post-trial processing of his case. He does not allege any prejudice in his appeal. In response, the Government argues that the delay was minimal and not lengthy enough to make Appellant's sentence inappropriate. The Government provided an affidavit from the Minot Air Force Base case paralegal, Staff Sergeant AS, to provide some explanation for the post-trial delay. Based on this affidavit and the court reporter's chronology, the Government contends that, at no point, did this case languish.

Where the convening authority's action is not taken within 120 days of the end of trial, we apply a presumption of unreasonable delay; however, "[t]he Government can rebut the presumption by showing the delay was not unreasonable." *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Moreover, Article 66(c), UCMJ, 10 U.S.C. 866(c), empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Tardif*, 57 M.J. at 224; *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006).

The delay in this case is presumptively unreasonable and triggers a *Moreno* analysis, even though Appellant has not made such an argument. We review de novo whether due process rights were violated because of post-trial delay. *Moreno*, 63 M.J. at 135. This review entails consideration of the four factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Id*. "[These] four factors are balanced, with no single factor being required to find that post-trial delay constitutes a due process violation." *Id*. at 136 (citing *Simmons v. Reynolds*, 898 F.2d 865, 868 (2d Cir. 1990) ("[N]o one factor is dispositive and all are to be considered together with the relevant circumstances.")).

Our analysis of the *Barker* factors leads us to conclude: that the delay, from end of trial to convening authority action, exceeded the *Moreno* standard by 41 days; the record and SSgt AS's affidavit adequately explain the delay and demonstrate diligence on the part of the Government; Appellant asserted his right to timely review in his clemency

submission; and there was no prejudice. Having considered the entire record, we find no prejudice and any post-trial delay in this case harmless beyond a reasonable doubt.

Turning to Appellant's request for *Tardif* relief, this court has the authority to disapprove any portion of a sentence that should not be approved and has set out a non-exhaustive list of factors we consider when evaluating the appropriateness of *Tardif* relief in *United States v. Bischoff*, 74 M.J. 664, 672 (A.F. Ct. Crim. App. 2015). *See also United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016) (articulating factors specifically tailored to answer the question of whether *Tardif* relief is appropriate). The factors include the length and reasons for the delay, the length and complexity of the record, the offenses involved, and evidence of bad faith or gross negligence in the post-trial process. When contemplating these factors, we consider the totality of the circumstances.

Incorporating the findings above, we further find the 424-page record of trial is neither short nor particularly lengthy. This factor favors neither party. There is no evidence of bad faith or gross negligence in the post-trial processing of this case. Moreover, Appellant's offenses were egregious. Based on the totality of circumstances in this case, we conclude that sentence relief under Article 66(c), UCMJ, is unwarranted.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LAQUITTA J. SMITH
Appellate Paralegal Specialist