# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private (E2) DANTE J. ELLIS**
**United States Army, Appellant**

ARMY 20150827

Headquarters, 1st Cavalry Division (Rear)(Provisional)
Bernie LaForteza, Military Judge
Lieutenant Colonel Oren H. McKnelly, Staff Judge Advocate (pretrial)
Lieutenant Colonel Michael D. Jones, Staff Judge Advocate (recommendation)
Lieutenant Colonel Scott E. Linger, Staff Judge Advocate (addendum)

For Appellant:  Lieutenant Colonel Melissa R. Covolesky, JA; Lieutenant Colonel Charles D. Lozano, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Jennifer A. Donahue, JA (on brief).


3 November 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CAMPANELLA, Senior Judge:

Where the government is responsible for 223 days of unexplained post-trial delay in processing a ninety-two page record, we grant relief.

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of three specifications of being absent without leave, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, six months of confinement, and reduction to the grade of E-1.  The military judge also credited appellant with forty-four days of pretrial confinement credit against the sentence to confinement.  Pursuant to a pretrial agreement, the convening authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge, confinement for sixty days, and reduction to the grade of E-1.  He also approved forty-four days of confinement credit.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one allegation of error—dilatory post-trial processing—which merits relief.

## LAW AND DISCUSSION

The panel sentenced appellant on 18 December 2015. Defense counsel received the ninety-two page record of trial (ROT) for review on 21 January 2016 and completed her examination of the ROT on 7 March 2016. There is no indication in the record as to when trial counsel completed his examination of the ROT.[*] Defense counsel requested, and received, a twenty-day extension to submit matters to the convening authority under Rule for Courts-Martial [R.C.M.] 1105. Article 60(b)(1), UCMJ, provides that an accused's submissions to the convening authority "shall be made within 10 days after the accused has been given an authenticated record of trial and, if applicable, the recommendation of the staff judge advocate." If an accused shows additional time is required to submit matters, for "good cause" the government "may extend the applicable period . . . for *not more than* an additional 20 days." UCMJ art. 60(b)(2) (emphasis added). The initial ten-day period is attributable to the government, the next twenty-day period is attributable to the defense. *United States v. Banks*, 75 M.J. 746, 2016 CCA LEXIS 483, at *5-6 (Army Ct. Crim. App. 16 Aug. 2016).

Of the 243 days from sentence to action, the defense is responsible for twenty days and the government is responsible for 223 days. There is a presumption of unreasonable delay where the convening authority does not take action within 120 days of the completion of trial. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The government concedes it cannot provide a reasonable explanation for the length of the delay because no explanation can be found in the record. Appellant did not assert his right to speedy post-trial processing and does not claim prejudice because of the delay.

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See United States v. Collazo*, 53 M.J. 721, 727

---

[*] The time the trial counsel took to review the ROT does not count as defense delay. *See e.g. United States v. Toro*, ARMY 20130441, 2015 CCA LEXIS 450, at *11 fn. 17 (Army Ct. Crim. App. 23 October 2015). Given the lack of information as to the time the trial counsel took to review the ROT, we do not count the forty-six days that defense counsel took to review the ROT as defense delay.

(Army Ct. Crim. App. 2000).  We find relief from this court is appropriate.  As such this court provides relief in our decretal paragraph.

**CONCLUSION**

Upon consideration of the entire record, the findings of guilty are AFFIRMED.  Given the dilatory post-trial processing, we affirm only so much of the sentence as extends to a bad-conduct discharge, confinement for thirty days, and reduction to the grade of E-1.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored.  *See* UCMJ arts. 58b(c), and 75(a).

Judge HERRING and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court