# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DALLAS R. SUTTON**
**United States Army, Appellant**

ARMY 20150268

Headquarters, 1st Cavalry Division
Rebecca K. Connally, Military Judge
Colonel Alison C. Martin, Staff Judge Advocate (pretrial)
Lieutenant Colonel Oren H. McKnelly, Staff Judge Advocate (post-trial)

For Appellant:  Colonel Mary J. Bradley, JA (on brief); Major Christopher D. Coleman, JA.

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA; Captain Cassandra M. Resposo, JA (on brief).

30 November 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

HERRING, Judge:

Where the government is responsible for two-hundred and thirty-nine days elapsing between sentencing and action and forty-three days elapsing between the convening authority's action and docketing with this court, we grant relief.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of violating a general regulation, flight from apprehension, resisting apprehension, drunken operation of a vehicle, and assault consummated by battery in violation of Articles 92, 95, 111, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 895, 911, 928 (2012) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for seven months, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises two allegations of error, one of which merits brief discussion and relief.

**LAW AND DISCUSSION**

The convening authority took action two hundred and fifty-eight days after the sentence was adjudged, and it took forty-three additional days after convening authority action for this court to receive the record of trial and docket appellant's case.[1]  The government's post-trial delay, was recounted, but not explained, in an affidavit by the 1st Cavalry Division's Chief of Military Justice.  The affidavit did not address the forty-three days it took to mail the three-volume record of trial to this court.[2]  Appellant submitted his brief alleging, *inter alia*, post-trial delay nearly five months after his case was docketed.  The government filed its brief nearly four months later.

There is a presumption of unreasonable delay where the convening authority's action is not taken within 120 days of the completion of trial and where a record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action.  *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006).  Post-trial delay in the administrative handling and forwarding of the record of trial and related documents to an appellate court is the "least defensible" type of post-trial delay and "worthy of the least patience."  *United States v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990).

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the dilatory post-trial processing.  UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay.").  *See United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).  We find relief from this court is appropriate.  As such we provide relief in our decretal paragraph.

---

[1] While the due date for appellant's matters pursuant to Rule for Court Martial [hereinafter R.C.M.] 1105 was 10 December 2015 and defense counsel submitted these matters nineteen days past the due date, appellant states the defense was responsible for twenty-four days of post-trial delay using a chart that is mostly outdated after this court's decision in *United States v. Banks¸* 75 M.J. 746 (Army Ct. Crim. App. 2016).  Post *Banks*, the relevant time periods for calculating post-trial delay are between: completion of court-martial, convening authority's action, and docketing with this court, plus up to twenty days past the due date for R.C.M. 1105 matters, if requested by defense.

[2] We invite the 1st Cavalry Division Office of the Staff Judge Advocate's attention to Army Reg. 27-26, Rules of Professional Conduct for Lawyers, Appx. B. R. 5.3 (Responsibilities Regarding Nonlawyer Assistants), R. 3.2 (Expediting Litigation), and R. 1.3 (Diligence) (1 May 1992).

**CONCLUSION**

Upon consideration of the entire record, the findings of guilt are AFFIRMED. Given the dilatory post-trial processing, we affirm only so much of the sentence as extends to a bad-conduct discharge, 201 days confinement, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

Senior Judge CAMPANELLA and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court