# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM S32410

————————————

### UNITED STATES
*Appellee*

**v.**

### Zachary C. GINES
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 23 March 2017

————————————

*Military Judge:* Shelly W. Schools.

*Approved sentence:* Bad-conduct discharge, confinement for 4 months, forfeiture of $1,0440.00 pay per month for 4 months, and reduction to E-1. Sentence adjudged 15 April 2016 by SpCM convened at Goodfellow Air Force Base, Texas.

*For Appellant:* Lieutenant Colonel Anthony D. Ortiz, USAF.

*For Appellee:* Major J. Ronald Steelman III, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, SPERANZA, and JOHNSON, *Appellate Military Judges.*

Judge SPERANZA delivered the opinion of the Court, in which Senior Judge MAYBERRY and Judge JOHNSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

SPERANZA, Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, consistent with his pleas pursuant to a pretrial agreement,

of wrongful use and introduction of cocaine, both on divers occasions and in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for four months, forfeiture of $1,044.00 pay per month for four months, and reduction to E-1. In accordance with the terms of the pretrial agreement, the convening authority deferred Appellant's reduction in grade and forfeitures until action but approved the adjudged sentence.

Now on appeal, Appellant maintains that he is entitled to "meaningful sentence relief" pursuant to *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). We disagree and affirm.

## I. BACKGROUND

While assigned to his first duty station at the Presidio of Monterey, California, Appellant celebrated Columbus Day in Sacramento, California, by buying and using cocaine with other Airmen. After the holiday weekend, Appellant brought the leftover cocaine onto the Presidio and used the drug in the dorms with other Airmen.

Appellant celebrated his next holiday, Thanksgiving, in similar fashion— by buying and using cocaine with other Airmen. Appellant once again brought the leftover cocaine onto the Presidio, where he continued to use it in the dorms with other Airmen.

## II. DISCUSSION—POST-TRIAL DELAY

Appellant's case was docketed with us 46 days after the convening authority's action. According to the Government, this specific delay was caused by purported manning shortfalls, personnel leave, a holiday, and case management deficiencies at the installation-level and convening authority legal offices. Appellant seeks sentence relief due to the delay between the convening authority's action and our docketing of his case.

Convicted servicemembers have a due process right to timely review and appeal of courts-martial convictions. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). Accordingly, we review de novo Appellant's claim that he has been denied his due process right to a speedy post-trial review and appeal. *Id.*

In *Moreno*, the Court of Appeals for the Armed Forces (CAAF) established a presumption of unreasonable post-trial delay that requires a due process review when the convening authority does not take action within 120 days of trial, when a record of trial is not docketed with us within 30 days of the convening authority's action, and when we do not render a decision within 18 months of the case's docketing. *Id.* at 142.

If there is a *Moreno*-based presumption of unreasonable delay or an otherwise facially-unreasonable delay, we examine the claim under the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135. *Moreno* identified three types of prejudice arising from post-trial processing delay: (1) oppressive incarceration; (2) anxiety and concern; and (3) impairment of ability to present a defense at a rehearing. *Id.* at 138–39 (citations omitted).

We analyze each factor and make a determination as to whether that factor favors the Government or Appellant. *Id.* at 136. Then, we balance our analysis of the factors to determine whether a due process violation occurred. *Id.*; *see also Barker*, 407 U.S. at 533 ("[c]ourts must still engage in a difficult and sensitive balancing process."). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Moreno*, 63 M.J. at 136. However, where an appellant has not shown prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

The period of 46 days between action and docketing in this case is presumptively unreasonable, exceeding the standard by 16 days, and triggers a full due process review under *Moreno*. However, Appellant has not claimed any legally cognizable prejudice from the delay, and we find none. Balancing the remaining factors, even considering the inadequate reasons for the delay, we do not find the delay so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system. *See Toohey*, 63 M.J. at 362. Therefore, we find no due process violation.

Although we find no due process violation in Appellant's case, we nonetheless consider whether Article 66(c), UCMJ, relief pursuant to *Tardif* is appropriate. 57 M.J. at 224. In resolving Appellant's request for *Tardif* relief, we are guided by factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), with no single factor being dispositive.* We are also mindful of the CAAF's admoni-

---

* These factors include: (1) How long the delay exceeded the standards set forth in *Moreno*; (2) What reasons, if any, the Government set forth for the delay, and whether there is any evidence of bad faith or gross indifference to the overall post-trial processing of this case; (3) Keeping in mind that our goal under *Tardif* is not to analyze for prejudice, whether there is nonetheless some evidence of harm (either to the ap-

*(Footnote continues on next page)*

tion that "delay in the administrative handling and forwarding of the record of trial and related documents to an appellate court is the least defensible of all [post-trial delays] and worthy of the least patience." *United States v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990) (internal hyphens omitted).

We find the Government's explanations for the 46-day delay between action and docketing unpersuasive. However, after balancing the remaining factors, we conclude no extraordinary exercise of our Article 66(c) authority is warranted here. Considered as a whole, Appellant's case has not been subjected to excessive delay, and we discern no particular harm to Appellant. The delay has not lessened the disciplinary effect of Appellant's sentence. The delay has not adversely affected our ability to review Appellant's case or grant him relief, if warranted. The circumstances of Appellant's case do not move us to reduce an otherwise appropriate sentence imposed by the military judge and approved by the convening authority. *See also United States v. Ruiz*, ACM 38752, 2016 CCA LEXIS 470 (A.F. Ct. Crim. App. 9 Aug. 2016) (no relief for 57 days between action and docketing); *United States v. Stephens*, ACM 38531, 2015 CCA LEXIS 146 (A.F. Ct. Crim. App. 16 Apr. 2015) (no relief for 49 days between action and docketing); *United States v. Spencer*, ACM S32198, 2015 CCA LEXIS 38 (A.F. Ct. Crim. App. 5 Feb. 2015) (no relief for 46 days between action and docketing).

## III. Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

pellant or institutionally) caused by the delay; (4) Whether the delay has lessened the disciplinary effect of any particular aspect of the sentence, and is relief consistent with the dual goals of justice and good order and discipline; (5) Whether there is any evidence of institutional neglect concerning timely post-trial processing, either across the service or at a particular installation; and (6) Given the passage of time, whether this court can provide meaningful relief in this particular situation. *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).

Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court