*220 Judge GIERKE
delivered the opinion of the Court.
A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of a 12-day unauthorized absence and assault on a child under the age of sixteen years (two specifications), in violation of Articles 86 and 128, Uniform Code of Military Justice (UCMJ), 10 USC §§ 886 and 928, respectively. The adjudged sentence provides for a dishonorable discharge, confinement for three years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority reduced the confinement to 24 months but otherwise approved the sentence.
The Court of Criminal Appeals set aside the conviction of unauthorized absence and reassessed and affirmed the sentence. 55 MJ 666 (2001). On reconsideration, the court below granted appellant 12 days of confinement credit under United States v. Allen, 17 MJ 126 (CMA 1984). 54 MJ 954 and 55 MJ 670 (2001).
This Court granted review of the following issue:
WHETHER THE COAST GUARD COURT OF CRIMINAL APPEALS ERRED IN CONCLUDING THAT APPELLANT HAD NOT BEEN PREJUDICED BY EXCESSIVE POST-TRIAL DELAY WHERE THE COURT BELOW CONCLUDED THAT THE DELAY WAS BOTH “UNEXPLAINED AND UNREASONABLE” AND “CASTS A SHADOW OF UNFAIRNESS OVER OUR MILITARY JUSTICE SYSTEM.”
For the reasons set out below, we hold that a Court of Criminal Appeals has authority under Article 66(c), UCMJ, 10 USC § 866(e), to grant appropriate relief for unreasonable and unexplained post-trial delays. We further hold that this authority under Article 66(e) is distinct from the court’s authority under Article 59(a), UCMJ, 10 USC § 859(a), to overturn a finding or sentence “on the ground of an error of law[.]” Finally, we hold that the court’s authority to grant relief under Article 66(c) does not require a predicate holding under Article 59(a) that “the error materially prejudices the substantial rights of the accused.” Because the court below considered itself constrained from granting relief by Article 59(a) and did not consider the impact of the post-trial delays in its review under Article 66(c), we remand the case for further consideration.

Appellate History

The chronology of post-trial events in appellant’s case is as follows:
DATE_ACTION_DAYS ELAPSED
October 29,1999_Appellant sentenced_0_
October 29, 1999_Confinement deferred_0_
November 5,1999_Deferment ends_7 days_
December 21, 1999 Military Judge receives record of trial_53 days_
February 7, 2000_Record authenticated_101 days_
March 23, 2000_Record served on Defense Counsel (DC)_145 Days_
April 10, 2000 Recommendation of Staff Judge Advocate 163 days _(SJA) prepared[1]_
May 15. 2000 DC responds to SJA recommendation_198 days_
June 9, 2000_Convening Authority’s action_223 days_
Oct 2, 2000 Record forwarded to Headquarters, U.S. 338 days _Coast Guard_
November 1, 2000 Record received at Coast Guard 368 days _Headquarters_
November 17, 2000 Record referred to Coast Guard Court of 384 days _Criminal Appeals_
*221 The court below focused on the 115 days that elapsed after the convening authority’s action and before the record was forwarded to Coast Guard Headquarters. Concluding that the delay was “unexplained and unreasonable,” and that it “casts a shadow of unfairness over our military justice system,” the court nevertheless held that it was without authority to grant relief. Citing this Court’s decisions in United States v. Hudson, 46 MJ 226 (1997), United States v. Jenkins, 38 MJ 287 (CMA 1993), and United States v. Banks, 7 MJ 92 (CMA 1979), the court below concluded that “an appellant must show that the delay, no matter how extensive or unreasonable, prejudiced his substantial rights.” 55 MJ at 668. Chief Judge Baum dissented from the decision to not grant relief for the excessive delay in forwarding the ease to the Court of Criminal Appeals. In Chief Judge Baum’s view, no more than 21 months of confinement should have been approved. Id. at 669.
Before this Court, appellant argued that the court below applied the wrong standard of review by focusing on Article 59(a) instead of Article 66(c). Appellant requested that his case be remanded to the court below for consideration under Article 66(c), with instructions that unexplained and unreasonable post-trial delay is an appropriate factor for that court to consider in determining what sentence “should be approved,” regardless of whether appellant has established legal prejudice.
The Government asserted that appellant was not harmed by the delay, and that it would be a windfall for appellant if he were granted sentence relief without showing that he has been harmed. The Government conceded, however, that if an appellant has suffered “harm” falling short of “prejudice” within the meaning of Article 59(a), a Court of Criminal Appeals may grant appropriate relief through its review of sentence appropriateness under Article 66(c).
The U.S. Army Government Appellate Division,' as amicus curiae, urged this Court to hold that a Court of Criminal Appeals must be convinced that there was material prejudice to a substantial right under Article 59(a) before it grants relief for unreasonable post-trial delay. It further urged this Court to hold that, if a Court of Criminal Appeals concludes there has been material prejudice to an appellant’s substantial rights, it may fashion appropriate relief under Article 66(c), without setting aside the findings and sentence.
In contrast to the Coast Guard court’s decision in this case, the Army Court of Criminal Appeals has held that its “broad power to moot claims of prejudice” under Article 66(c) empowers it to grant relief for excessive delays in the absence of a showing of “actual prejudice.” United States v. Collazo, 53 MJ 721, 727 (Army Ct.Crim.App. 2000), quoting United States v. Wheelus, 49 MJ 283, 288 (1998). The Army court noted:
[Fjundamental fairness dictates that the government proceed with due diligence to execute a soldier’s regulatory and statutory post-trial processing rights and to secure the convening authority’s action as expeditiously as possible, given the totality of the circumstances in that soldier’s case.
The Army court held, “That did not happen in [this] case.” Id.
In so holding, the Army court in Collazo noted that the appellant had “not demonstrated actual prejudice under Banks.” However, the Army court emphasized the importance of other factors, such as
[t]he infringement of appellant’s statutory rights under Articles 38 and 54, UCMJ, [10 USC §§ 838 and 854,] the denial of the opportunity to review the record prior to authentication as required by RCM 1103, [Manual for Courts-Martial, United States (2000 ed.),] the failure to provide a complete copy of the record of trial (to include the allied papers) for use in preparation of RCM 1105 matters, and the unacceptable 10-month delay in preparing the record of trial[J
These circumstances, the court concluded, “warrant relief’ in the course of the court’s exercise of its responsibility under Article 66(c) to affirm only “such part or amount of the sentence, as it ... determines, on the *222 basis of the entire record, should be approved.” Id., quoting Article 66(c).

Discussion

1. Legal Context
A brief legal history is necessary to place the granted issue in context. This Court has long recognized that an accused has a right to timely review of the findings and sentence. See United States v. Tucker, 9 USCMA 587, 589, 26 CMR 367, 369 (1958) (“Unexplained delays ... [in appellate processes] should not be tolerated by the services, and they will not be countenanced by this Court”).
In United States v. Burton, 21 USCMA 112, 44 CMR 166 (1971), the appellant asked this Court to set aside his conviction and sentence and dismiss the charges, on the ground that he had been denied his right to a speedy trial, in violation of Article 10, UCMJ, 10 USC § 810. This Court established a presumption of an Article 10 violation whenever an accused is held in pretrial confinement for more than three months. Under the Burton rule, there was a “heavy burden on the Government to show diligence, and in the absence of such a showing the charges [would] be dismissed.” Id. at 118, 44 CMR at 172.
In Dunlap v. Convening Authority, 23 USCMA 135, 48 CMR 751 (1974), this Court considered a petition for extraordinary relief filed by a petitioner who remained in confinement at the United States Disciplinary Barracks for 11 months after his conviction was set aside, awaiting a convening authority’s decision whether to order a rehearing or dismiss the charges. This Court concluded that the same considerations underlying the Burton rule for pretrial delays should be applied to post-trial delays. Thus, this Court held that “a presumption of a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial.” Id. at 138, 48 CMR at 754. Like the Burton rule, the Dunlap rule placed a “heavy burden on the Government to show diligence, and in the absence of such a showing the charges [would] be dismissed.” Id.
In Banks, supra, the Judge Advocate General of the Army certified an issue challenging the correctness of the lower court’s decision to set aside a conviction and sentence for violation of the Dunlap rule by one day. This Court upheld the lower court’s decision but announced a prospective abandonment of the Dunlap rule and a return to the rule requiring a showing of prejudice. 7 MJ at 93-94.[2] Although Banks abrogated the draconian remedy imposed by Dunlap, this Court has not wavered in its recognition of the right to timely post-trial review. See United States v. Williams, 55 MJ 302, 305 (2001) (“Appellant has a right to a speedy post-trial review of his case.”).
In Hudson, 46 MJ at 227, Jenkins, 38 MJ at 288, and Williams, supra, this Court again considered requests to dismiss the charges for delays in post-trial processing. In all these eases, this Court declined to dismiss the charges, either citing or relying on Article 59(a).
In Banks, Hudson, Jenkins, and Williams, this Court was asked to exercise its own authority under Article 67, UCMJ, 10 USC § 867, and to dismiss the charges for unreasonable and unexplained delays in post-trial processing. None of these decisions involved the authority of the Courts of Criminal Appeals and their predecessors to grant relief under Article 66(c), and none of these decisions involved the question whether the Courts of Criminal Appeals and their predecessors had authority to grant relief short of dismissal of the charges. The pleadings in this case present two issues:
(1) Whether a Court of Criminal Appeals has authority under Article 66(c) to grant relief for excessive post-trial delay, whether or not the delay has “materially prejudiced [the appellant’s] substantial rights”; and
*223 (2) Whether a Court of Criminal Appeals has authority to grant relief short of dismissal of the charges if it concludes that there has been excessive post-trial delay.
These issues involve interpretation of Articles 59(a) and 66(c), and thus they present issues of law, which we review de novo.
2. Authority of Courts of Criminal Appeals
Unlike our Court’s limited authority to review sentences under Article 67, a Court of Criminal Appeals has broad authority under Article 66(c) to review and modify sentences. Article 66(c) provides in pertinent part as follows:
[The Court of Criminal Appeals] may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.
The legislative history of Article 66 reflects congressional intent to vest broad power in the Courts of Criminal Appeals. The legislative history also reflects a congressional distinction between review of the lawfulness of a sentence and its appropriateness. See S.Rep. No. 98-486, at 28 (1949) (“The Board may set aside, on the basis of the record, any part of a sentence, either because it is illegal or because it is inappropriate.”). Professor Morgan, chair of the drafting committee for the UCMJ, testified as follows about the power of the Boards of Review, the predecessors of the Courts of Criminal Appeals:
[T]he board of review, now, has very extensive powers. It may review law, facts, and practically, sentences; because the provisions stipulate that the board of review shall affirm only so much of the sentence as it finds to be justified by the whole record. It gives the board of review ... the power to review facts, law and sentence____
Hearings on S. 857 and H.R. 4080 Before a Subcomm. of the Senate Comm, on Armed Services, 81st Cong., at 42 (1949).
In Jackson v. Taylor, 353 U.S. 569, 576-77, 77 S.Ct. 1027, 1 L.Ed.2d 1045 (1957), the Supreme Court reviewed the legislative history of Article 66, and it concluded that Congress intended the Boards of Review to affirm only so much of the sentence as they found to be “justified by the whole record,” and to set aside all or part of a sentence, “either because it is illegal or because it is inappropriate.” Our Court likewise has concluded that the predecessors of the Courts of Criminal Appeals had the power and responsibility to, “in the interests of justice, substantially lessen the rigor of a legal sentence.” United States v. Lanford, 6 USCMA 371, 378, 20 CMR 87, 94 (1955).
Our Court has consistently recognized the broad power of the Courts of Criminal Appeals to protect an accused. See United States v. Parker, 36 MJ 269, 271 (CMA 1993). We have consistently recognized that the charter of Courts of Criminal Appeals on sentence review is to “do justice.” United States v. Claxton, 32 MJ 159, 162 (CMA 1991); United States v. Healy, 26 MJ 394, 395-96 (CMA 1988). Finally, we have consistently recognized the “broad power” of a Court of Criminal Appeals “to moot claims of prejudice by ‘affirming] only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.’” Wheelus, 49 MJ at 288, quoting Art. 66(c); see also United States v. Higbie, 12 USCMA 298, 30 CMR 298 (1961) (recognizing power of Board of Review to reduce sentence in order to moot issue whether convening authority considered a dismissed charge and specification in his review of the adjudged sentence).
However, the power of the Courts of Criminal Appeals is not without limits. Article 59(a) provides: “A finding or sentence of court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused.” Article 59(a) was intended by Congress to preclude reversals for minor technical errors. See United States v. Powell, 49 MJ 460, 462 (1998). In accordance with Article 67, this Court reviews the sentencing decisions of the Courts of Criminal Appeals for “obvious misearriag *224 es of justice or abuses of discretion.” See United States v. Jones, 39 MJ 315, 317 (CMA 1994).
Based on the legislative and judicial history of Articles 59(a) and 66(c), we conclude that the power and duty of a Court of Criminal Appeals to review sentence appropriateness under Article 66(c) is separate and distinct from its power and duty to review a sentence for legality under Article 59(a). Considered together, Articles 59(a) and 66(c) “bracket” the authority of a Court of Criminal Appeals. Article 59(a) constrains the authority to reverse “on the ground of an error of law.” Article 66(c) is a broader, three-pronged constraint on the court’s authority to affirm. Before it may affirm, the court must be satisfied that the findings and sentence are (1) “correct in law,” and (2) “correct in fact.” Even if these first two prongs are satisfied, the court may affirm only so much of the findings and sentence as it “determines, on the basis of the entire record, should be approved.” See Powell, supra at 464-65. The first prong pertains to errors of law and, as such, it also implicates Article 59(a). The second and third prongs do not involve errors of law and, thus, do not implicate Article 59(a). Based on this statutory analysis, we agree with the Army court’s conclusion in Collazo that a Court of Criminal Appeals has authority under Article 66(c) to grant relief for excessive post-trial delay without a showing of “actual prejudice” within the meaning of Article 59(a), if it deems relief appropriate under the circumstances. 53 MJ at 727.
Thus, we hold that, in addition to its determination that no legal error occurred within the meaning of Article 59(a), the court below was required to determine what findings and sentence “should be approved,” based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay. Accordingly, we conclude that a remand is necessary so that the court below can exercise its broad authority under Article 66(c) to determine whether relief is warranted and, if so, what relief should be granted.
3. Remedies for Excessive Postr-Trial Delay
The argument of amicus curiae raises the additional issue whether a Court of Criminal Appeals has authority to grant relief short of dismissal of the charges if it finds excessive post-trial delay. This argument reflects the longstanding concern of our Court and the Courts of Criminal Appeals about the draconian remedy required by Dunlap and its progeny for excessive post-trial delay. See Hudson, 46 MJ at 227 (“[W]e are loath to declare that valid trial proceedings are invalid solely because of delays in the criminal process after the trial.”); United States v. Clevidence, 14 MJ 17, 21 (CMA 1982) (Cook, J., dissenting) (dismissing charges is “burning the barn to kill the rats”); Banks, 7 MJ at 93 (“The certified question expresses the frustration of the services over the inflexibility of the Dunlap rule.”); Dunlap, 23 USCMA at 141, 48 CMR at 757 (Duncan, C.J., dissenting) (“What the Court does today is provide a means where a person found guilty beyond a reasonable doubt in an error-free hearing may escape any sanction.”); see also Department of the Army Pamphlet 27-50-336, The Army Lawyer, Criminal Law Note: United States v. Collazo: The Army Court of Criminal Appeals Puts Steel on the Target of Post-Trial Delay, at 37-38 (November 2000) (Army Court of Criminal Appeals “left with the options of finding prejudice and letting a rapist go free, or finding no prejudice and ratifying the sloppy administration of justice.”).
Before this Court decided Dunlap, denial of the right to speedy trial resulted in dismissal of the charges only if reversible trial errors occurred and it was impossible to cure those errors at a rehearing because of the excessive post-trial delay. See United States v. Timmons, 22 USCMA 226, 227, 46 CMR 226, 227 (1973), and cases cited therein. In Timmons, this Court noted that the court below had purged the effect of a trial error by modifying the findings, making dismissal of the charges unwarranted. In United States v. Gray, 22 USCMA 443, 445, 47 CMR 484, 486 (1973), this Court repeated this principle:
*225 [B]efore ordering a dismissal of the charges because of post-trial delay there must be some error in the proceedings which requires that a rehearing be held and that because of the delay appellant would be either prejudiced in the presentation of his case at a rehearing or that no useful purpose would otherwise be served by continuing the proceedings.
Although Dunlap is regarded as a post-trial delay case, the delay in that case actually involved the decision whether to order a rehearing. See 23 USCMA at 136, 48 CMR at 752. Assuming without deciding that Article 10 applies only to proceedings through trial, this Court stated, “[T]he failure of the Uniform Code or the Manual for Courts-Martial to condemn directly unreasonable delay by the convening authority in acting on the record of trial does not mean that relief against such delay is unobtainable.” This Court then decided that it was “appropriate” that the presumption of prejudice adopted for pretrial delays in Burton be applied to post-trial delays, along with the sanction of dismissing the charges whenever the presumption of prejudice was not overcome. Id. at 138, 48 CMR at 754.
In United States v. Becker, 53 MJ 229, 232 (2000), this Court provided the following guidance concerning remedies for “speedy trial” violations in the context of sentence rehearings: “[T]he remedy should be tailored to the harm suffered, such as an appropriate sentence credit or, in a case where the delay has interfered with the defense’s ability to receive a fair hearing, a sentence to no punishment at all.”
We conclude that the Dunlap “all-or-nothing” remedy for post-trial delays was laid to rest in Banks. We further conclude that appellate courts are not limited to either tolerating the intolerable or giving an appellant a windfall. The Courts of Criminal Appeals have authority under Article 66(c) to apply the Timmons approach, recently repeated in Becker, to post-trial delays, and to tailor an appropriate remedy, if any is warranted, to the circumstances of the case.
Finally, we note that counsel at the trial level are particularly well-situated to protect the interests of their clients by addressing post-trial delay issues before action by the convening authority. Trial counsel can ensure that the record contains an explanation for what otherwise might appear to be an unreasonable delay. Defense counsel can protect the interests of the accused through complaints to the military judge before authentication or to the convening authority after authentication and before action. After the convening authority’s action, extraordinary writs may be appropriate in some circumstances. Appellate relief under Article 66(c) should be viewed as the last recourse to vindicate, where appropriate, an appellant’s right to timely post-trial processing and appellate review.

Decision

The decision of the United States Coast Guard Court of Criminal Appeals is set aside. The record of trial is returned to the General Counsel of the Department of Transportation for remand to the Court of Criminal Appeals for reconsideration in light of this opinion. Thereafter, Article 67 will apply.

. The record does not reflect the date on which the SJA’s recommendation was served on defense counsel.

. In United States v. Kossman, 38 MJ 258, 262 (CMA 1993), this Court also abrogated the Burton rule and returned to a “reasonable diligence” test.