# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, MULLIGAN, and ALMANZA[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class CASEY N. O'BRIEN**
**United States Army, Appellant**

ARMY 20130095

Headquarters, III Corps and Fort Hood
Patricia Lewis, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Ian G. Corey, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA; Captain Heather L. Tregle, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major A.G. Courie III, JA; Major John K. Choike, JA; Major Matthew T. Grady, JA (on brief).

30 September 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

ALMANZA, Judge:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of false official statement, one specification of assault consummated by a battery, and one specification of unlawful entry, in violation of Articles 107, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 928, and 934 [hereinafter UCMJ].[2] The military judge sentenced

---

[1] Judge ALMANZA took final action in this case while on active duty.

[2] In addition, appellant was charged with four specifications alleging violations of Article 120, UCMJ (rape, aggravated sexual assault, and indecent acts), two

(continued . . .)

appellant to a bad-conduct discharge, hard labor without confinement for three months, forfeiture of $500 pay per month for three months, and reduction to the grade of E-1. The convening authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge, forfeiture of $500 per month for three months, and reduction to the grade of E-1.

This case is before us pursuant to Article 66, UCMJ. Appellant raises one assignment of error, which merits discussion and relief.

## BACKGROUND

Appellant's trial concluded on 31 January 2013. The military judge authenticated the 624-page record of trial on 6 January 2014,[3] and it was served on appellant on 13 June 2014. The staff judge advocate (SJA) signed his post-trial recommendation on 13 July 2014, and it was served on appellant on 25 July 2014. Appellant submitted his post-trial matters pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105 on 11 September 2014. The convening authority took action on 24 September 2014. This case was docketed with this court on 6 October 2014.

A total of 601 days elapsed between the date sentence was adjudged and the date the convening authority took action. Subtracting 32 days of defense delay in submitting R.C.M. 1105 matters, 569 days elapsed between the date sentence was adjudged and the date the convening authority took action.

In his R.C.M. 1105 matters, appellant asserted legal error in that post-trial processing of his case exceeded 120 days, in violation of *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). Although appellant asserted prejudice resulting from post-trial delay, he does not assert prejudice in his brief before this court. Appellant

---

(. . . continued)
specifications alleging violations of Article 128, UCMJ (assault consummated by battery), one specification alleging a violation of Article 130, UCMJ (housebreaking with intent to commit assault), and three specifications alleging violations of Article 134, UCMJ (assault with intent to commit rape, communicating indecent language, and a general disorder). The military judge dismissed some of these specifications before pleas and dismissed the remainder of these specifications after entering findings.

[3] The military judge dated the authentication, "6 Jan 2013," but on that same page acknowledged that she received the record of trial for review on 19 December 2013. Accordingly, we find that the date of "6 Jan 2013" on the military judge's authentication was a mere scrivener's error and that she authenticated the record of trial on 6 January 2014.

argues that the convening authority's disapproval of the hard labor without confinement portion of his adjudged sentence was not a remedy for the post-trial delay, and asks this court to set aside either the approved forfeitures or the bad-conduct discharge.

In its brief, the government notes several factors contributing to the delay in this matter but nevertheless "acknowledges that dilatory post-trial processing occurred in appellant's case." The government argues, however, that appellant already received relief for this delay when the convening authority did not approve the portion of appellant's adjudged sentence that provided for three months of hard labor without confinement. The government also argues that should this court grant further relief, such relief should be limited to setting aside the adjudged forfeitures.

## LAW AND DISCUSSION

Appellant's assigned error states:

> THE UNEXPLAINED DILATORY POST-TRIAL PROCESSING OF APPELLANT'S CASE WARRANTS RELIEF WHERE IT TOOK 569 DAYS FROM TRIAL TO ACTION.

We review *de novo* appellant's claim that he has been denied his due process right to speedy post-trial review. *Moreno*, 63 M.J. at 135. Our superior court has adopted the four-factor balancing test from *Barker v. Wingo*, 407 U.S. 514, 530 (1972) to determine whether a due process violation has occurred: (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice. *Id.*

We presume unreasonable delay when more than 120 days elapse between completion of an appellant's trial and action by the convening authority. *Id.* at 142.

Appellant asserts no prejudice and we find none. However, we may nonetheless find a due process violation if "in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the lengthy delay, the government's concession that "dilatory post-trial processing occurred in appellant's case," and appellant's raising of the issue of post-trial delay to the convening authority, we find that the post-trial delay in this case is sufficiently egregious to find a due-process violation under *Toohey*. *Id.*

3

We find the convening authority's disapproval of the adjudged hard labor without confinement was not intended as a remedy for the post-trial processing delay in this case. In his post-trial recommendation, the SJA recommended that the convening authority only approve the sentence of a bad-conduct discharge, the forfeitures, and reduction to the grade of E-1. After receiving appellant's R.C.M. 1105 matters, which in relevant part alleged legal error resulting from the delay in post-trial processing, the SJA in the addendum to his recommendation disagreed with appellant's assertion of legal error and stated no corrective action was needed. In that addendum, the SJA also recommended that the convening authority grant clemency by only approving so much of appellant's sentence as provided for a bad-conduct discharge, forfeiture of $500 per month for three months, and reduction to the grade of E-1. These facts lead us to conclude that the convening authority's decision not to approve the adjudged three months of hard labor without confinement was an act of clemency, not an act intended to provide relief for the delayed post-trial processing of appellant's case.

As outlined above, despite his approved sentence being less severe than that adjudged at trial, appellant has not yet received any relief for the undue post-trial delay in his case. We will provide him that relief by approving only so much of the sentence as provides for a bad-conduct discharge and reduction to the grade of E-1.

We must also review the appropriateness of appellant's sentence in light of the lengthy post-trial processing in this case. *See* UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) (Pursuant to Article 66(c), UCMJ, service courts are "required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). Upon review of the entire record, to include, *inter alia*, the lengthy post-trial delay, the government's concession, and the absence of prejudice, we find appellant's now reduced sentence is appropriate.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, the court AFFIRMS only so much of the approved sentence as provides for a bad-conduct discharge and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

O'BRIEN—ARMY 20130095

Senior Judge HAIGHT and Senior Judge MULLIGAN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5