# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

### No. ACM S32393

_____

### UNITED STATES
*Appellee*

v.

### Kyle D. PENDLEY
Airman First Class (E-3), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 22 May 2017

_____

*Military Judge:* Joseph S. Imburgia.

*Approved sentence:* Bad-conduct discharge, confinement for 15 days, and reduction to E-1. Sentence adjudged 12 February 2016 by SpCM convened at Travis Air Force Base, California.

*For Appellant:* Lieutenant Colonel Anthony D. Ortiz, USAF.

*For Appellee:* Major J. Ronald Steelman III, USAF; Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges.*

Senior Judge J. BROWN delivered the opinion of the court, in which Chief Judge DREW and Judge MINK joined.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

_____

J. BROWN, Senior Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, consistent with his pleas pursuant to a pretrial agreement, of divers wrongful use of opium and divers wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §

912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 30 days, and reduction to E-1. Although not required to do so by the pretrial agreement, the convening authority chose to only approve that much of the sentence that provided for a bad-conduct discharge, 15 days of confinement, and a reduction to the grade of E-1.

Now on appeal, Appellant maintains that he is entitled to "meaningful sentence relief" pursuant to *United States v. Tardif,* 57 M.J. 219 (C.A.A.F. 2002). We disagree and affirm.

## I. BACKGROUND

On ten occasions between 1 June 2014 and 30 April 2015, Appellant wrongfully used opium. On three occasions during the same time period, Appellant also used cocaine. He used these drugs both on and off base, as well as with other military members.

## II. DISCUSSION—POST-TRIAL DELAY

Appellant's case was docketed with us 52 days after the convening authority's action. Appellant seeks sentence relief due to the delay between the convening authority's action and our docketing of his case.

The Government submitted an affidavit to explain the delay. According to the Government, the delay was caused by difficulties with Federal Express delivery services. Seven days after action, the legal office sent, via Federal Express, the record of trial for docketing with this court. Approximately three weeks later, the legal office checked the status of the package. They then discovered that the delivery service was unable to deliver the package as addressed and the package was being held at a holding center in Tennessee. The base made arrangements for the package to be returned to them, and they re-sent it. This second effort was successful, and the record was docketed with this court, though by then it was 52 days after the convening authority's action.

"[C]onvicted servicemembers have a due process right to timely review and appeal of courts-martial convictions." *United States v. Moreno,* 63 M.J. 129, 135 (C.A.A.F. 2006). Accordingly, we review de novo Appellant's claim that he has been denied his due process right to a speedy post-trial review and appeal. *Id.*

In *Moreno,* the Court of Appeals for the Armed Forces (CAAF) established a presumption of unreasonable post-trial delay that requires a due process review when the convening authority does not take action within 120 days of trial, when a record of trial is not docketed with us within 30 days of the con-

vening authority's action, or when we do not render a decision within 18 months of the case's docketing. *Id*. at 142.

If there is a *Moreno*-based presumption of unreasonable delay or an otherwise facially-unreasonable delay, we examine the claim under the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135. *Moreno* identified three types of prejudice arising from post-trial processing delay: (1) oppressive incarceration; (2) anxiety and concern; and (3) impairment of ability to present a defense at a rehearing. *Id*. at 138–39.

"We analyze each factor and make a determination as to whether that factor favors the Government or [Appellant]." *Id*. at 136. Then, we balance our analysis of the factors to determine whether a due process violation occurred. *Id*.; *see also Barker*, 407 U.S. at 533 ("Courts must still engage in a difficult and sensitive balancing process."). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Moreno*, 63 M.J. at 136. However, where an appellant has not shown prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

The period of 52 days between action and docketing in this case is presumptively unreasonable, exceeding the standard by 22 days, and triggers a full due process review under *Moreno*. However, Appellant has not claimed any legally cognizable prejudice from the delay, and we find none. Balancing the remaining factors, and considering the Government's explanation for the delay, we do not find the delay so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system. *See Toohey*, 63 M.J. at 362. Therefore, we find no due process violation.

Although we find no due process violation in Appellant's case, we nonetheless consider whether Article 66(c), UCMJ, 10 U.S.C. § 866(c), relief pursuant to *Tardif* is appropriate. 57 M.J. at 224. In resolving Appellant's request for *Tardif* relief, we are guided by factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), with no single factor being dispositive.[*] We are also mindful

---

[*] These factors include: (1) How long the delay exceeded the standards set forth in *Moreno*; (2) what reasons, if any, the Government set forth for the delay, and wheth-

*(Footnote continues on next page)*

of the CAAF's admonition that "delay in the administrative handling and forwarding of the record of trial and related documents to an appellate court is the least defensible of all [post-trial delays] and worthy of the least patience." *United States v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990) (hyphen omitted).

After balancing all of the factors, we conclude no extraordinary exercise of our Article 66(c) authority is warranted here. Considered as a whole, Appellant's case has not been subjected to excessive delay, and we discern no particular harm to Appellant. The delay has not lessened the disciplinary effect of Appellant's sentence. The delay has not adversely affected our ability to review Appellant's case or grant him relief, if warranted. The circumstances of Appellant's case do not move us to reduce an otherwise appropriate sentence imposed by the military judge and approved by the convening authority. *See also United States v. Gines*, No. ACM S32410, 2017 CCA LEXIS 200 (A.F. Ct. Crim. App. 23 Mar. 2017) (unpub. op.) (no relief for 46 days between action and docketing); *United States v. Ruiz*, No. ACM 38752, 2016 CCA LEXIS 470 (A.F. Ct. Crim. App. 9 Aug. 2016) (unpub. op.) (no relief for 57 days between action and docketing); *United States v. Spencer*, No. ACM S32198, 2015 CCA LEXIS 38 (A.F. Ct. Crim. App. 5 Feb. 2015) (unpub. op.) (no relief for 46 days between action and docketing).

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

er there is any evidence of bad faith or gross indifference to the overall post-trial processing of this case; (3) whether there is evidence of harm (either to the appellant or institutionally) caused by the delay; (4) whether the delay has lessened the disciplinary effect of the sentence, and whether relief is consistent with the dual goals of justice and good order and discipline; (5) whether there is any evidence of institutional neglect concerning timely post-trial processing, either across the service or at a particular installation; and (6) whether, given the passage of time, this court can provide meaningful relief in this particular situation. *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).

Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

MICAH L. SMITH
Deputy Clerk of the Court