# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39166**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Charlie L. ROBERSON**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 9 November 2017

———————————

*Military Judge:* Mark W. Milam.

*Approved sentence:* Dishonorable discharge, confinement for 3 months, and reduction to E-1. Sentence adjudged 29 June 2016 by GCM convened at Maxwell Air Force Base, Alabama.

*For Appellant:* Captain Patricia Encarnación Miranda, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Mary Ellen Payne, USAF; Major Meredith L. Steer, USAF; Major Matthew L. Tusing, USAF.

Before MAYBERRY, JOHNSON, and MINK, *Appellate Military Judges.*

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

PER CURIAM:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles

59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.[1]

FOR THE COURT

KATHLEEN M. POTTER
Acting Clerk of the Court

---

[1] Although Appellant raises no specific assignment of error, we note the record of trial was docketed with this court 32 days after the convening authority took action, exceeding the 30-day threshold for a presumptively unreasonable post-trial delay. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). However, we perceive no prejudice to Appellant from the delay. Having considered the relevant factors identified in *Moreno*, 63 M.J. at 135, and finding no adverse impact on the public's perception of the fairness or integrity of the military justice system, we find no violation of Appellant's due process rights. *See United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). We have also considered whether relief for post-trial delay in the absence of a due process violation pursuant to our authority under Article 66(c), UCMJ, is appropriate, and find it is not. *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002); *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).