# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――――

### No. ACM S32617

―――――――――――

### UNITED STATES
*Appellee*

**v.**

### Landon A. LIVAK
Airman First Class (E-3), U.S. Air Force, *Appellant*

―――――――――――

Appeal from the United States Air Force Trial Judiciary

Decided 14 September 2020

―――――――――――

*Military Judge:* Wesley A. Braun.

*Sentence:* Sentence adjudged 27 June 2019 by SPCM convened at Dover Air Force Base, Delaware. Sentence entered by military judge on 29 July 2019: Bad-conduct discharge, 10 days' hard labor without confinement, reduction to E-2, and a reprimand.

*For Appellant:* Major Benjamin H. DeYoung, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Anne M. Delmare, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges*.

Judge ANNEXSTAD delivered the opinion of the court, in which Senior Judge MINK and Judge KEY joined.

―――――――――――

### PUBLISHED OPINION OF THE COURT

―――――――――――

ANNEXSTAD, Judge:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas pursuant to a plea agreement, of one specification of wrongfully using lysergic acid diethylamide and one specification of wrongfully possessing lysergic acid diethylamide, in violation of Article 112a, Uniform

Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] Officer members sentenced Appellant to a bad-conduct discharge, 10 days' hard labor without confinement, reduction to the grade of E-1, and a reprimand. The plea agreement had no impact on the convening authority's ability to affect the adjudged sentence.[2] The sentence approved by the convening authority consisted of a bad-conduct discharge, 10 days' hard labor without confinement, reduction to the grade of E-2, and a reprimand.

Appellant raises a single assignment of error on appeal: Whether Appellant is entitled to sentence-appropriateness relief due to post-trial delay. Specifically, Appellant claims that his due process rights were violated when his case was not docketed with this court within 30 days of the convening authority's action as required by *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Finding no error that resulted in material prejudice to Appellant's substantial rights, we affirm the findings and sentence.

## I. BACKGROUND

Appellant's court-martial concluded on 27 June 2019, and Appellant's trial defense counsel submitted clemency matters on 11 July 2019. On 22 July 2019, the convening authority took action on the case, and the military judge signed the entry of judgment on 29 July 2019. On 7 August 2019, the court reporter certified the record of trial (ROT), however, the ROT was not assembled until 29 August 2019.[3] On 17 September 2019, Appellant's case was docketed with this court.

## II. DISCUSSION

This court reviews de novo whether an appellant's due process rights are violated because of post-trial delay. *Moreno*, 63 M.J. at 135 (citations omitted). In the absence of a due process violation, this court considers whether relief for excessive post-trial delay is warranted consistent with this court's authority under Article 66(d), UCMJ, 10 U.S.C. § 866(d). *See United States v. Tardif*, 57

---

[1] All references in this opinion to the Uniform Code of Military Justice and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The plea agreement limited confinement to a maximum of 30 days, with no other limitations on punishment.

[3] The court reporter's chronology, dated 29 August 2019, indicates that on 28 August 2019, the court reporter received and inserted trial defense counsel's edits, completed the proceedings and exhibit index, and certified the transcript. On 29 August 2019, the court reporter signed the chronology and emailed the transcript and certifications to the Dover Air Force Base Legal Office.

M.J. 219, 224 (C.A.A.F. 2002); *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd,* 75 M.J. 264 (C.A.A.F. 2016). .

In *Moreno,* the United States Court of Appeals for the Armed Forces (CAAF) identified thresholds for facially unreasonable delay during three particular segments of the post-trial and appellate process. 63 M.J. at 141–43. Specifically, the CAAF established a presumption of facially unreasonable delay where: (1) the convening authority did not take action within 120 days of the completion of trial, (2) the record was not docketed with the Court of Criminal Appeals within 30 days of the convening authority's action, or (3) the Court of Criminal Appeals did not render a decision within 18 months of docketing. *Id.* at 142.

We note at the outset, the offenses for which Appellant was found guilty and sentenced occurred between on or about 24 January 2019 and on or about 31 January 2019. The convening authority referred the charge and specifications to trial by special court-martial on 21 March 2019. Accordingly, Appellant's court-martial is subject to the substantive provisions and sentencing procedures of the UCMJ and procedural provisions of the Rules for Courts-Martial (R.C.M.) provided for in the 2019 version of the *Manual for Courts-Martial*. We also note, as we describe below, that the procedural provisions in place at the time *Moreno* was decided are not applicable to courts-martial such as Appellant's.

That stated, we agree that the due process right to timely post-trial and appellate review the CAAF recognized and sought to safeguard in *Moreno* endures under the new post-2019 procedures. However, as this court noted in *United States v. Moody-Neukom,*

> [A]dapting the *Moreno* analysis to the new rules will not be a simple matter of substituting the military judge's "entry of judgment"—or the convening authority's decision whether to take action on the trial results, or the certification or completion of the record of trial, or any other post-trial event—into the place of "convening authority action" within the *Moreno* framework for determining facially unreasonable delay.

No. ACM S32594, 2019 CCA LEXIS 521, at *5 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

Under the old procedural rules in place prior to 1 January 2019, convening authority action was the final step before the record was forwarded to the appellate court and the case docketed. By the time the convening authority took action, the record of trial had been assembled, certified, and served on the accused, and the accused had been provided time to submit matters in clemency. A period of 120 days was allotted for all of that to occur. Afterwards,

a 30-day clock would start running to carry out the largely ministerial step of ensuring the record of trial was complete and had been assembled correctly including the post-trial documents and then transmitting the record of trial to the respective Court of Criminal Appeals.

Under the new procedures, action by the convening authority is no longer required. *See* R.C.M. 1109(d); R.C.M. 1110(c), (e). Moreover, an accused's timeline for submitting clemency matters begins when the sentence is announced, not when the ROT is served on him or her. *See* R.C.M. 1106. Additionally, after the convening authority makes a decision whether to take action, the new post-2019 procedures establish additional processing that the Government must complete before an appellant's case can be docketed with this court. Those steps include the military judge entering the judgment of the court, and the court reporter preparing, certifying, and attaching additional matters to the record of trial for appellate review. *See* R.C.M. 1111(a) and 1112(c), (f). Consequently, the convening authority's decision on action occurs before the ROT is complete, and preparation of the record necessarily continues after that decision occurs. Depending on the length and complexity of the record involved, we can envision cases in which the court reporter is still transcribing the proceedings after the convening authority's decision. As such, the prior 30-day period from action to docketing, which primarily involved transmitting an already-completed ROT to the Court of Criminal Appeals, now overlays substantive actions such as completing the preparation of the record.

For the reasons stated above, the specific requirement in *Moreno* which called for docketing to occur within 30 days of action no longer helps us determine an unreasonable delay under the new procedural rules. However, we can apply the aggregate standard threshold the majority established in *Moreno*: 150 days from the day Appellant was sentenced to docketing with this court. *See Moreno*, 63 M.J. at 142. This 150-day threshold appropriately protects an appellant's due process right to timely post-trial and appellate review and is consistent with our superior court's holding in *Moreno*.

In the case before us, the entire period from the end of Appellant's trial to docketing with this court took 82 days. Since this is well under the 150-day threshold discussed above, we find no facially unreasonable delay occurred and no violation of the Appellant's due process rights.

Assuming *arguendo* that there was a facially unreasonable delay from convening authority action to docketing, we must now assess whether there was a due process violation. In *Moreno*, the CAAF identified four factors to consider: (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of his right to a timely review; and (4) prejudice to the appellant. *Id*. at 135 (citations omitted). Additionally, where an appellant has not shown prejudice from the delay, we cannot find a due process violation

unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Appellant asserts no prejudice, and we discern none; therefore we find no violation of Appellant's due process rights.

Recognizing our authority under Article 66(d), UCMJ, 10 U.S.C. § 866(d), we have also considered whether relief for excessive post-trial delay is appropriate even in the absence of a due process violation. *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002). After considering the factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we conclude it is not.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.[4]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[4] We note the Statement of Trial Results in this case failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has made no claim of prejudice, and we find none. *See United States v. Moody-Neukom,* No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).