# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32538 (f rev)**

———————————

**UNITED STATES**
*Appellee*

v.

**Cory RAMIREZ**
Airman (E-2), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 19 October 2022

———————————

*Military Judge:* Matthew D. Talcott.

*Approved sentence:* Bad-conduct discharge, confinement for 3 months, forfeiture of $1,092.00 pay per month for 3 months, and reduction to E-1. Sentence adjudged 22 March 2018 by SpCM convened at Joint Base San Antonio-Fort Sam Houston, Texas.

*For Appellant:* Major Jenna M. Arroyo, USAF; Major Rodrigo M. Caruço, USAF.

*For Appellee:* Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel Brian C. Mason, USAF; Major John P. Patera, USAF; Captain Kelsey B. Shust, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, POSCH, and KEY, *Appellate Military Judges*.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

PER CURIAM:

Appellant's case is before this court for a third time. A military judge found Appellant guilty, in accordance with his pleas, of one specification of

wrongfully using marijuana on divers occasions and one specification of wrongfully introducing marijuana onto a military installation, both in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] A special court-martial composed of officer and enlisted members found Appellant not guilty, in accordance with his pleas, of one specification of wrongful use of psilocybin in violation of Article 112a, UCMJ, but guilty of the lesser-included offense of attempted wrongful use of psilocybin in violation of Article 80, UCMJ, 10 U.S.C. § 880.[2] The court-martial sentenced Appellant to a bad-conduct discharge, confinement for three months, forfeiture of $1,092.00 pay per month for three months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

In his initial appeal to this court, Appellant raised a single issue: whether his conviction for attempted use of psilocybin is factually sufficient. We found Appellant's conviction legally and factually sufficient, but returned the record for a new post-trial process and action due to an error in the convening authority's action. *United States v. Ramirez*, No. ACM S32538, 2020 CCA LEXIS 20 (A.F. Ct. Crim. App. 24 Jan. 2020) (unpub. op.).

After the record of trial was redocketed with this court on 29 April 2020, Appellant submitted the case for our review without further assignments of error. However, upon review we determined, and the Government conceded, that the new post-trial processing was incomplete. Accordingly, we set aside the new convening authority action and returned the record for a new and complete post-trial process and action. *United States v. Ramirez*, No. ACM S32538 (f rev), 2020 CCA LEXIS 367 (A.F. Ct. Crim. App. 16 Oct. 2020) (order).

The convening authority again approved the sentence on 20 July 2021. The record of trial was redocketed with this court on 15 September 2021.[3] On 9

---

[1] All references in this opinion to the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] The court members found Appellant not guilty of one specification of absenting himself from his place of duty in violation of Article 86, UCMJ, 10 U.S.C. § 886.

[3] We note the 57 days that elapsed between the convening authority's action and redocketing with this court exceeded the 30-day threshold for a facially unreasonable delay under *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). However, Appellant has not claimed error or requested relief for excessive post-trial delay. Appellant has not asserted cognizable prejudice from the delay, and we perceive none. *See id*. at 138–40 (citations omitted). Under the particular circumstances of this case, we find any facially unreasonable delay was not so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system," and therefore find no due process violation. *United States v. Toohey*, 63 M.J. 353, 362

September 2022, after receiving nine enlargements of time, Appellant submitted a brief to this court raising a new assignment of error: whether Appellant was denied his right to a unanimous verdict as guaranteed by the Sixth Amendment,[4] the Fifth Amendment[5] Due Process Clause, and the Fifth Amendment right to equal protection.

This court addressed a similar assignment of error in *United States v. Anderson*, No. ACM 39969, 2022 CCA LEXIS 181, at *50–57 (A.F. Ct. Crim. App. 25 Mar. 2022) (unpub. op.), *rev. granted*, ___ M.J. ___, 2022 CAAF LEXIS 529 (C.A.A.F. 25 Jul. 2022). For the reasons set forth in *Anderson*, we conclude Appellant did not have a Fifth Amendment or Sixth Amendment right to a unanimous verdict, and we find Appellant's assignment of error does not require further discussion or warrant relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

(C.A.A.F. 2006). We have also determined relief for excessive post-trial delay in the absence of a due process violation is not warranted. *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002); *United States v. Gay*, 74 M.J. 736, 742 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).

[4] U.S. CONST. amend. VI.

[5] U.S. CONST. amend. V.