# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39494**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Alexander W. TURTON**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 20 March 2019

————————————

*Military Judge:* Ryan A. Hendricks.

*Approved sentence:* Dishonorable discharge, confinement for 18 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand. Sentence adjudged 27 March 2018 by GCM convened at Eglin Air Force Base, Florida.

*For Appellant:* Major Christopher C. Newton, USAF; Major Mark J. Schwartz, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Mary Ellen Payne, Esquire.

Before HUYGEN, POSCH, and KEY, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c) (2016).

Accordingly, the approved findings and sentence are **AFFIRMED**.*

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

* Although Appellant raises no specific assignment of error, his counsel noted that the record of trial was docketed with this court 46 days after the convening authority took action, exceeding the 30-day threshold for a presumptively unreasonable post-trial delay. *See United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). However, Appellant concedes that "the harm required for relief may not exist," and we perceive no prejudice to Appellant from the delay. Having considered the relevant factors identified in *Moreno*, 63 M.J. at 135, and finding no adverse impact on the public's perception of the fairness or integrity of the military justice system, we find no violation of Appellant's due process rights. *See United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Pursuant to our authority under Article 66, UCMJ, we have also considered whether relief for post-trial delay in the absence of a due process violation is appropriate and find it is not. *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002); *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).