# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39460**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Jacob A. RALSTON**
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 12 September 2019

————————————

*Military Judge:* Andrew Kalavanos.

*Approved sentence:* Bad-conduct discharge, confinement for 18 months, and reduction to E-4. Sentence adjudged 31 October 2017 by GCM convened at Moody Air Force Base, Georgia.

*For Appellant:* Major Mark J. Schwartz, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles

59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c).[1] Accordingly, the approved findings and sentence are **AFFIRMED**.[2]


FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[1] *Manual for Courts-Martial, United States* (2016 ed.).

[2] Although Appellant raises no specific assignment of error, his appellate defense counsel noted that the record of trial did contain post-trial processing errors but that none prejudiced Appellant. One such error identified by this court was that the convening authority took action 178 days after the announcement of sentence, exceeding the 120-day threshold for a presumptively unreasonable post-trial delay. *See United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). However, as noted above, Appellant does not assert that he suffered any prejudice from the delay and we perceive none. Having considered the relevant factors identified in *Moreno*, 63 M.J. at 135, and finding no adverse impact on the public's perception of the fairness or integrity of the military justice system, we find no violation of Appellant's due process rights. *See United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Pursuant to our authority under Article 66, UCMJ, we have also considered whether relief for post-trial delay in the absence of a due process violation is appropriate and find it is not. *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002); *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).