# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32623 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Ricardo R. PADILLA**
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 23 September 2021

————————————

*Military Judge:* Mark F. Rosenow; Andrew R. Norton (remand).

*Sentence:* Sentence adjudged on 8 May 2019 by SpCM convened at Travis Air Force Base, California. Sentence entered by military judge on 1 August 2019 and reentered on 10 April 2021: Bad-conduct discharge, confinement for 3 months, forfeiture of $1,120.00 pay per month for 8 months, reduction to E-1, and a reprimand.

*For Appellant:* Major Amanda E. Dermady, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Jessica L. Delaney, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, KEY, and ANNEXSTAD *Appellate Military Judges*.

Judge ANNEXSTAD delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge KEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

ANNEXSTAD, Judge:

This case is before our court for the second time. Previously, our court remanded the case to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum as no action was taken on the adjudged sentence. *United States v. Padilla*, No. ACM S32623, 2021 CCA LEXIS 120, at *8 (A.F. Ct. Crim. App. 25 Mar. 2021) (unpub. op.).[1]

At that time, we deferred deciding Appellant's four assignments of error: (1) whether the convening authority's failure to approve no confinement in excess of three months in accordance with Appellant's pretrial agreement constituted noncompliance with a material term of the pretrial agreement;[2] (2) whether the entry of judgment (EoJ) failed to correctly reflect the result of the court-martial in accordance with Appellant's pretrial agreement; (3) whether Appellant is entitled to new post-trial processing where the convening authority failed to act on Appellant's deferment request in writing in accordance with Rule for Courts-Martial (R.C.M.) 1103(d)(2); and (4) whether Appellant is entitled to sentence relief because his case was not timely docketed with our court.

During the remand, on 9 April 2021, the convening authority only approved so much of the sentence to confinement as provided for three months of confinement, consistent with the terms of the pretrial agreement, and approved the rest of the sentence. Additionally, the convening authority provided that he did not approve Appellant's timely request to defer the adjudged reduction in grade and the adjudged forfeitures of pay. Finally, the convening authority stated that he did not waive any automatic forfeitures in this case. As a result, on 10 April 2021, the military judge signed a corrected EoJ pursuant to R.C.M. 1111(c)(3).[3] The corrected EoJ now lists total confinement as "3 months pursuant to" the pretrial agreement and specifies that Appellant's "timely request to defer the adjudged reduction in grade and adjudged forfeiture of pay were not approved." On 13 April 2021, Appellant's record of trial was returned to our

---

[1] The issue addressed in our remand was not raised directly by Appellant.

[2] Appellant has not indicated or argued that he was confined for a period longer than that specified in the pretrial agreement. The record also reflects Appellant was released from confinement consistent with the terms of the pretrial agreement.

[3] References to the punitive articles of the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise noted, all other references to the UCMJ and to the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

court. On 7 June 2021, Appellant submitted no additional assignments of error, but specifically requested to "preserve[ ] and maintain[ ] the four assignments of error raised in his initial brief to this [c]ourt."

We find the convening authority's 9 April 2021 action on the sentence complies with applicable law and that the new EoJ correctly reflects the sentence and post-trial actions taken in this case. We further find that the corrected EoJ complies with the terms of Appellant's pretrial agreement and that no additional corrections are necessary. Accordingly, we find that Appellant's assignments of error (1) and (2) are moot. With respect to assignments of error (3) and (4), we find no error that materially prejudiced Appellant's substantial rights. We affirm the findings and sentence.

## I. BACKGROUND

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement, of a total of eight specifications of wrongfully using, possessing, distributing, and introducing onto a military installation two different controlled substances in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The specifications concerned offenses Appellant committed in 2018. The military judge sentenced Appellant to a bad-conduct discharge, confinement for eight months, forfeiture of $1,120.00 pay per month for eight months, reduction to the grade of E-1, and a reprimand.

## II. DISCUSSION

### A. Deferment Request

Appellant acknowledges in his latest brief to this court that the convening authority has now acted in writing on his request to defer the adjudged reduction in grade and adjudged forfeiture of pay. Appellant maintains that he was prejudiced by the convening authority's failure to act "expeditiously" when the convening authority denied his request. Appellant argues that he suffered prejudice because if the request for deferment was approved "he would have received additional pay." Although not raised by Appellant, we find that the convening authority erred by not providing the reasons for his denial decision. However, we do not find that Appellant suffered any prejudice as a result of this omission or for the convening authority's failure to act "expeditiously" on his request.

On 18 May 2019, ten days after his court-martial concluded, Appellant submitted matters to the convening authority through his trial defense counsel. Specifically, Appellant requested that the convening authority defer both the

adjudged reduction in grade and adjudged forfeiture of pay until entry of judgment by the military judge. On 25 June 2019, the convening authority stated in his Decision on Action memorandum to the military judge that he "did not previously grant any deferments on adjudged forfeitures in this case." As noted above, following our remand of this case, on 9 April 2021 the convening authority produced a new Decision on Action memorandum for the military judge. In this memorandum, the convening authority stated, "I do not approve the [Appellant]'s timely request to defer the adjudged reduction in grade and adjudged forfeiture of pay." On 10 April 2021, the military judge signed the corrected EoJ which noted that Appellant's request for deferment was "not approved." We note that Appellant did not seek to address under R.C.M. 1104(b)(2)(B) any potential errors in the action of the convening authority or challenge whether the convening authority made a decision on deferment under R.C.M 1103(d)(2).

When a member requests deferment, he has the burden of showing that his interests and those of the community in granting the deferment outweigh the community's interest in imposing the punishment on its effective date. R.C.M. 1103(d)(2). The Rules for Courts-Martial list factors the convening authority may consider in acting on a deferment request, including *inter alia* the nature of the offense, the sentence, the effect a deferment would have on good order and discipline in the command, and the requesting member's "character, mental condition, family situation, and service record." *Id.* A convening authority's decision on a deferment request must be in writing, attached to the record of trial, and a copy must be provided to the appellant and the military judge. *Id.*

We review a convening authority's decision on a deferment request for an abuse of discretion. R.C.M. 1103(d)(2); *United States v. Sloan*, 35 M.J. 4, 6 (C.M.A. 1992), *overruled on other grounds*, *United States v. Dinger*, 77 M.J. 447 (C.A.A.F. 2018). In reviewing challenges to deferment denials, we have not required convening authorities to provide in-depth analyses as to their rationale; instead, we have required them to simply identify the reasons for the denial. *See, e.g.*, *United States v. Bell*, No. ACM 39447, 2019 CCA LEXIS 293, at *5 (A.F. Ct. Crim. App. 9 Jul. 2019) (unpub. op.). We have found error with respect to deferment denials when the convening authority advances no reason for the denial at all. *See, e.g.*, *United States v. Paulett*, No. ACM 39268, 2018 CCA LEXIS 444, at *18 (A.F. Ct. Crim. App. 14 Sep. 2018) (unpub. op.).

A convening authority's omission of the reasons for denying the deferment request does not entitle Appellant to relief unless it materially prejudiced a substantial right. *United States v. Eppes*, No. ACM 38881, 2017 CCA LEXIS 152, at *43 (A.F. Ct. Crim. App. 21 Feb. 2017) (unpub. op.) (citing Article 59(a), UCMJ, 10 U.S.C. § 859(a)), *aff'd*, 77 M.J. 339 (C.A.A.F. 2018).

Regardless of when the convening authority made his decision to deny Appellant's request for deferment, he erred by not providing his rationale for

denying the request. Finding error, we turn our attention to whether the convening authority's error materially prejudiced any of Appellant's substantial rights.

As to Appellant's contention that he was prejudiced by the convening authority's failure to act "expeditiously" on his deferment request, we see no evidence that Appellant suffered any prejudice. Here, the convening authority stated in his 25 June 2019 Decision on Action memorandum to the military judge that he had not previously granted any deferments on adjudged forfeitures in Appellant's case. Subsequently, after this case was remanded, the convening authority again stated in his new Decision on Action memorandum, dated 9 April 2021, that he did not approve Appellant's request to defer the adjudged reduction in grade and adjudged forfeiture of pay. We find that an explicit denial in 2019 would have had the same effect as the non-approval in 2021; either way, Appellant's request for deferment was not approved, and the delay was not prejudicial to a substantial right of Appellant.

Finally, we note that Appellant has not claimed or demonstrated any prejudice caused by the convening authority's erroneous omission of the reasons for his denial of Appellant's deferment request, and we find none. Without the necessary showing of prejudice, we conclude no relief is warranted. *See United States v. Jalos,* No. ACM 39138, 2017 CCA LEXIS 607, at *6 (A.F. Ct. Crim. App. 5 Sep. 2017) (unpub. op.) ("Even when there is error in the convening authority's action on a deferment request, relief is only warranted if an appellant makes a colorable showing of possible prejudice.").

## B. Post-Trial Delay

This court reviews de novo whether an appellant's due process rights are violated because of post-trial delay. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) (citations omitted). In the absence of a due process violation, this court considers whether relief for excessive post-trial delay is warranted consistent with this court's authority under Article 66(d), UCMJ, 10 U.S.C. § 866(d). *See United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd,* 75 M.J. 264 (C.A.A.F. 2016).

In *Moreno,* the United States Court of Appeals for the Armed Forces (CAAF) identified thresholds for facially unreasonable delay during three particular segments of the post-trial and appellate process. 63 M.J. at 141–43. Specifically, the CAAF established a presumption of facially unreasonable delay where: (1) the convening authority did not take action within 120 days of the completion of trial, (2) the record was not docketed with the Court of Criminal Appeals within 30 days of the convening authority's action, or (3) the Court

of Criminal Appeals did not render a decision within 18 months of docketing. *Id.* at 142.

The offenses of which Appellant was convicted occurred in 2018 and the convening authority referred the charge and specifications to trial by special court-martial after 1 January 2019. Accordingly, Appellant's court-martial is subject to the substantive provisions and sentencing procedures of the UCMJ and procedural provisions of the Rules for Courts-Martial provided for in the 2019 version of the *Manual for Courts-Martial*. We also agree that the due process right to timely post-trial and appellate review the CAAF recognized and sought to safeguard in *Moreno* endures under the new post-2019 procedures.

As we noted in *United States v. Livak*, 80 M.J. 631, 633 (A.F. Ct. Crim. App. 2020), "the specific requirement in *Moreno* which called for docketing to occur within 30 days of action no longer helps us determine a facially unreasonable delay under the new procedural rules," but the aggregate standard threshold established by the majority in *Moreno* of 150 days from Appellant's sentence to docketing is still applicable in determining a facially unreasonable delay.

In the case before us, the entire period from the end of Appellant's trial to docketing with this court took 180 days. Because this is over the 150-day threshold discussed above, we find there was a facially unreasonable delay and must now assess whether there was a due process violation. In conducting our analysis, we have considered the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530–32 (1972): (1) the length of the delay; (2) the reasons for the delay; (3) Appellant's assertion of the right to timely review and appeal; and (4) prejudice. *See Moreno*, 63 M.J. at 135 (citations omitted). "[These] four factors are balanced, with no single factor being required to find that post-trial delay constitutes a due process violation." *Id.* at 136 (citing *Barker*, 407 U.S. at 533) (additional citation omitted).

The first two factors, the length of the delay and the reasons for the delay, weigh in Appellant's favor; the Government exceeded the *Moreno* aggregate standard for a presumptively unreasonable delay by 30 days and the Government has not offered any reason for the delay.

The third factor, whether Appellant exercised his right to speedy appellate review, weighs in the Government's favor. Appellant's counsel conceded in his submission to this court that Appellant never objected to the delay or asserted his right to timely review until his filing with this court on 2 April 2020.

As to the final factor, prejudice arising from post-trial processing delays, *Moreno* sets forth three interests to consider. 63 M.J. at 138–39. The first, oppressive incarceration, does not apply to Appellant because he does not prevail in his substantive appeal. *See id.* at 139.

The second, anxiety and concern, is also not applicable. While Appellant's brief states he has "increased anxiety and concern" as he awaits the outcome of his case, Appellant has not attached a declaration or any other proof to support this claim. Appellant has also not articulated any specific prejudice arising from delay in his appellate review. We conclude that Appellant's complaint does not rise to the level of "particularized anxiety or concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision." *Id*. at 140. Finally, Appellant pleaded guilty at trial, and on appeal he has not asserted any legal infirmity with his trial save the post-trial processing issues. We are not setting aside his conviction or his punitive discharge, and Appellant has failed to explain how the mere pendency of appellate review proceedings has operated to prejudice him.

The third and final factor, impairment of an appellant's ability to present a defense at a rehearing, is mooted by the fact we are not setting aside Appellant's conviction in this guilty-plea case. *See id*. Prejudice, then, weighs in the Government's favor.

Where, as here, there is no discernible prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Considering the relevant factors together, we conclude that the 180 days that elapsed between the conclusion of trial and docketing are not so egregious as to impugn the fairness and integrity of the military justice system.

Recognizing our authority under Article 66(d), UCMJ, we have also considered whether relief for excessive post-trial delay is appropriate even in the absence of a due process violation. *See Tardif*, 57 M.J. at 224. After considering the factors enumerated in *Gay*, 74 M.J. at 744, we conclude it is not.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

Carol K. Joyce

CAROL K. JOYCE
Clerk of the Court