# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32633 (f rev)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Shawn L. CORPPETTS**
Airman Basic (E-1), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 3 December 2021

———————————

*Military Judge:* Elizabeth M. Hernandez (trial); Andrew R. Norton (remand); Charles G. Warren (post-trial actions).

*Sentence:* Sentence adjudged on 3 October 2019 by SpCM convened at Offutt Air Force Base, Nebraska. Sentence entered by military judge on 28 October 2019, reentered on 5 February 2021, and entered again on 31 August 2021: Bad-conduct discharge, confinement for 4 months, and a reprimand.

*For Appellant:* Lieutenant Colonel Kirk W. Albertson, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Lieutenant Colonel Dayle P. Percle, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, KEY, and ANNEXSTAD, *Appellate Military Judges*.

Judge ANNEXSTAD delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge KEY joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

ANNEXSTAD, Judge:

This case is before this court for a third time. Previously, our court remanded the case to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's Decision on Action memorandum as the action taken on Appellant's sentence was ambiguous and incomplete. *United States v. Corppetts*, No. ACM S32633, 2021 CCA LEXIS 21, (A.F. Ct. Crim. App. 25 Jan. 2021) (unpub. op.) (per curiam).[1] At that time, we deferred deciding Appellant's two assignments of error: (1) whether trial defense counsel was ineffective by improperly advising Appellant regarding clemency and advising him not to submit clemency matters;[2] and (2) whether Appellant is entitled to sentence relief resulting from the Government's post-trial delay.

As to the issues with the convening authority's original Decision on Action memorandum being ambiguous and incomplete, we find the convening authority's 27 August 2021 action on the sentence complies with applicable law, and that the modified entry of judgment (EoJ), dated 31 August 2021, correctly reflects the sentence and post-trial actions taken in this case. We further find that no additional modifications are necessary.

## I. BACKGROUND

When we began our second review of this case under Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866,[3] we discovered that direct conflicts existed in the opposing declarations on issues material to Appellant's ineffective assistance of counsel claim. Therefore, on 24 May 2021, we ordered that the record of trial be returned to The Judge Advocate General for referral to an appropriate convening authority for the purpose of directing a post-trial fact-finding hearing pursuant to *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967); *see also* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3). On 9 July

[1] The issue addressed in our remand was not raised directly by Appellant.

[2] On appeal, Appellant contends that his primary desire at clemency was to request a waiver of automatic forfeitures for the benefit of his two dependent children, and that his trial defense counsel erred when he did not request that specific relief during clemency. The relief requested in Appellant's assignments of error brief sought, at a minimum, new post-trial processing with conflict-free defense counsel.

[3] Unless otherwise specified, all references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

2021, we amended our order[4] to provide the convening authority the option of either directing a post-trial *DuBay* hearing, or in the event the convening authority determined that a *DuBay* hearing was impracticable in accordance with Rule for Courts-Martial (R.C.M.) 810(f)(3), to forgo the *DuBay* hearing and afford Appellant a new opportunity to submit matters in clemency with the advice of conflict-free defense counsel.

On 22 July 2021, the convening authority determined that a post-trial hearing was impracticable and afforded Appellant a new opportunity to submit matters in clemency. On 6 August 2021, with the advice of new defense counsel, Appellant submitted new clemency matters to the convening authority. On 27 August 2021, the convening authority took no action on the findings, "approve[d] the sentence in its entirety," and granted Appellant's request to waive automatic forfeitures for a period of four months, or until release from confinement, whichever was sooner, and directed that $1,120.60 pay per month be paid to the mother of Appellant's dependent children for their benefit. On 31 August 2021, the military judge signed the EoJ, which properly reflected all post-trial actions. On 9 September 2021, the record was returned to our court and on 5 November 2021, Appellant submitted this case for our review with no additional assignments of error.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel During Clemency

As to his first assignment of error, Appellant was afforded a new opportunity at clemency with conflict-free defense counsel and his requested relief was granted by the convening authority. Accordingly, we find that Appellant's arguments regarding this assignment of error are now moot.

### B. Unreasonable Post-Trial Delay

We therefore address Appellant's second assignment of error regarding unreasonable post-trial delay. Appellant contends that he is entitled to sentence relief because his case was not docketed with this court within 30 days of the convening authority's action as required by *United States v. Moreno*, 63 M.J.

---

[4] On 9 June 2021, the Government filed a motion for reconsideration requesting that our court revise its 24 May 2021 order to "provide the convening authority more options in this case." Specifically the Government requested that our court add an option to allow the convening authority to either convene a post-trial hearing or afford Appellant a new opportunity at clemency with conflict-free defense counsel. Appellant's counsel filed a response to the Government's motion and generally objected to the Government's proposal based on concerns that the proposal "has the potential to materially prejudice Appellant's right to a full and fair clemency review."

129, 142 (C.A.A.F. 2006) (citations omitted). We disagree with Appellant and find no relief is warranted.

This court reviews de novo whether an appellant's due process rights are violated because of post-trial delay. *Moreno,* 63 M.J. at 135 (citations omitted). In the absence of a due process violation, this court considers whether relief for excessive post-trial delay is warranted consistent with this court's authority under Article 66(d), UCMJ, 10 U.S.C. § 866(d). *See United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).

In *Moreno*, the CAAF established thresholds for facially unreasonable delay, including docketing with the Court of Criminal Appeals more than 30 days after the convening authority's action. *Moreno*, 63 M.J. at 142.

As we have previously noted, post-trial processing of courts-martial has changed significantly since *Moreno*, to include the use of an entry of judgment before appellate proceedings can begin. *See United States v. Livak*, 80 M.J. 631, 633 (A.F. Ct. Crim. App. 2020); *see also United States v. Brown*, 81 M.J. 507, 510 (A. Ct. Crim. App. 2021). This court has previously explained the consequences of updates to post-trial processing:

> [T]he specific requirement in *Moreno* which called for docketing to occur within 30 days of action no longer helps us determine an unreasonable delay under the new procedural rules. However, we can apply an aggregate standard threshold the majority established in *Moreno*: 150 days from the day Appellant was sentenced to docketing with this court.

*Livak*, 80 M.J. at 633 (citation omitted).

The framework to review claims of unreasonable post-trial delay is to evaluate "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)) (additional citations omitted). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Moreno*, 63 M.J. at 136 (citing *Barker*, 407 U.S. at 533).

If a court does not find that the post-trial delay was prejudicial under the fourth *Barker* factor, a due process violation only occurs when, "in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

Turning to the record before us, we find that Appellant was sentenced on 3 October 2019, and the convening authority took action on Appellant's case on

12 October 2019. On 28 October 2019, the military judge completed the EoJ and on 1 November 2019, the court reporter certified the record of trial.[5] On 21 November 2019 and 11 December 2019, the court reporter sent the transcript to both counsel for review. Trial counsel submitted their final edits on 16 December 2019. Appellant's trial defense counsel returned her final edits on 4 January 2020. The following day the court reporter signed and certified the final transcript. On 9 January 2020, 98 days after the Appellant was sentenced, his case was docketed with this court.

Applying *Livak*, we find no facially unreasonable delay in the docketing with this court. From the conclusion of trial to the docketing of Appellant's case, 98 days passed, which is well under the 150-day threshold for a showing of facially unreasonable delay. Under the circumstances of this case, we find no due process violation occurred. We have also considered whether to exercise our authority under Article 66(d), UCMJ, to provide relief for excessive post-trial delay in the absence of a due process violation. *See Tardif*, 57 M.J. at 225. After considering the factors enumerated in *Gay*, 74 M.J. at 744, we conclude such relief is not warranted.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[5] Since the issue of post-trial delay was raised in the record but was not fully resolvable by those materials, we considered the declarations submitted by the Government consistent with *United States v. Jessie*, 79 M.J. 437, 444 (C.A.A.F. 2020).